EASTERN DIST.
*May,* 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

11L 149
47  166

## MICHEL'S HEIRS *vs.* MICHEL'S CURATOR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ASSUMPTION.

The *want of mention* in the inventory of the residence, ages and sex of the appraisers and witnesses to it, and that it was made in the presence of the attorney for the absent heirs, are not causes of nullity which will invalidate it, when it is *signed* by the attorney of absent heirs, and the appraisers and witnesses.

Where the record shows the appointment of an attorney of absent heirs under the signature of the judge of probates, and seal of his court, and the certificate states he was duly appointed, it will be presumed he was *regularly* appointed, until the contrary be shown.

Where the curator did not give bond and take the oath required by law, until *more than thirty days* after his appointment, and at the same time presented his petition and obtained an order for the sale of the property of the estate, the sale will be valid as relates to the purchasers.

The attorney for absent heirs is not bound to make a formal opposition to the application of the curator for a sale of the property of the estate. It

EASTERN DIST.
*May*, 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

is sufficient if the petition is notified to the attorney, and he writes on it that he approved the sale, having no objection to it.

The objection that property of a succession was sold for less than its appraised value, will not be received, when this nullity of the sale is not alleged in the pleadings.

The sale of minors' property, or that of a succession where the heirs are absent, must pursue the forms of law prescribed for its alienation, or it will be annulled. A sale by the Register of Wills is null, without the order of the judge of probates.

On the 11th November, 1834, Phillippe Marsoudet became the purchaser at the probate sale of the succession of Jean Michel, deceased, provoked by Jean Materre, curator of said estate, in the Court of Probates for the Parish of Assumption, of a tract of eighteen and one half arpents of land, fronting on the Mississippi by forty in depth, and six slaves, together with one hundred and ten shares of Union Bank stock, for the sum of seven thousand one hundred and thirty dollars, applied to the judge of probates of said parish for a *monition* to assure and confirm said sale. The notice on this application issued the 2d January, 1835.

On the 27th January, Irene Michel, residing with her husband in Vera Cruz, filed her petition and opposition to the application of a monition, to confirm said sale, on her own and in behalf of her sister, Cedonia Michel, alleging that they are the sole heirs and children of Jean Michel, deceased, and that said probate sale is null and void on various grounds, as set out in the following opinion of the court :

The judge of probates, after hearing the parties and the testimony adduced, was of opinion that the probate proceedings, and sale of the property in question, were regular and proper, gave judgment, rejecting the opposition of the plaintiffs to the monition and confirmation of the sale, from which they appealed.

While the appeal was pending, R. Preaux, Esq., counsel for the appellants, tendered his affidavit to the court, stating that the record was incomplete, the clerk having omitted to transcribe the record and documents annexed to the plaintiffs'

Eastern Dist.
*May*, 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

petition, containing the probate proceedings and sale of the property in question; that this record was produced *in evidence* on the trial of the cause, and the affiant avers that no entry whatever is found of any *decree* of court appointing an attorney for the absent heirs, (there being only an oath by G. B. Crozier, as attorney for absent heirs, and a certificate by the judge of said Crozier's appointment,) and in which copy, the words, "I approve of the within sale, having no objection." Signed, "Geo. B. Crozier, attorney for absent heirs," *are not to be found.*

He then prayed and obtained a writ of *certiorari* to the judge of probates to send up the papers.

To this writ the probate judge made the following reply :

"I, the undersigned, parish judge, *ex officio* clerk and judge of the Court of Probates, in and for the Parish of Assumption, acknowledge to have received copies of the motion and affidavit of Robert Preaux, and of the mandate issued by the honorable the Supreme Court, dated the 8th February, 1837, and in answer thereto, make the following statement, to wit : That the document alluded to in said *certiorari*, was not sent up to the Supreme Court, because it did not form a part of the record, for it was neither to be found on file in my office, nor was it introduced in evidence before the court.

"Mr. Preaux was at the office of the undersigned some time in October, 1834, and requested certain copies to be made out, of the probate proceedings had in the estate of the late Jean Michel, a part of which was written by Mr. Preaux himself, and a part by the clerk ; on his leaving the office he took the same with him.

"In January, 1835, Mr. Adolphe Seghers, plaintiffs' principal attorney, filed his petition in opposition to the monition of Ph. Marsoudet, and as well as my memory serves me, he took the said copy away with him, and could never have returned it to my office, for I have not the slightest recollection of having ever seen it since ; it is very probable that he retained it in the intention of taking it to court on the

EASTERN DIST.
*May*, 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

day of trial, but Mr. Seghers left the state shortly after, on his lake tour, and did not return in time to be present at the said trial.

"Mr. Preaux, in his affidavit, says: *First*, That the copy was dated the 20th October, 1834; *Second*, That it was introduced on the day of trial, the 17th October, 1836; *Third*, That no entry is found of any decree appointing an attorney of absent heirs, *there being only an oath by Crozier, and a certificate of said appointment by the judge; Fourth*, That the words, "I approve of the within sale, having no objection," and signed, "G. B. Crozier, attorney for absent heirs," are not to be found. In answer thereto I have to say, *First*, That the copy was dated on the 20th October, 1834, this I am willing to grant, believing it to be so; *Second*, That it was introduced on trial; *this I most positively deny, it is my settled conviction, that it was not introduced on trial the 17th October, 1836;* Mr. Preaux is most certainly mistaken, and the admission of this paper on the part of the defendants' counsel, was premature and wholly gratuitous, and if the said document had ever appeared before the court, it would have been rendered wholly useless by the presence of the original probate proceedings, for the cause was tried by the court, not on a copy, but on the original probate proceedings, and which were introduced in evidence by the consent of all parties; *Third*, That no entry is found in the copy of any decree, appointing an attorney for absent heirs; and *Fourth*, That the words, *I approve of the within sale, having no objections*, and signed by the attorney for the absent heirs, are not to be found in the said copy. I can only say, in answer, that *all* are to be found in the right place, to wit: among the original proceedings. The transcript sent up contains all the proceedings, all the documents, and all the evidence that were before the court on the day of trial; there is no diminution of record, the transcript is complete.

Finally, the parish judge states: *First*, That the copy lost or mislaid, was not before the court on the day of trial, to wit: the 17th October, 1836; *Second*, That if said copy had been produced, it would have been considered by the court

as entirely useless, inasmuch as the original probate proceed-
ings were all before the court, and introduced as sole evidence
by consent of parties; *Third*, That the entry of the appoint-
ment, by the Court of Probates, of the attorney of absent
heirs, the words said to be omitted, or not to be found in said
copy, are, *all* to be found in the transcript sent up to the
Supreme Court; *Fourth*, That the said transcript contains all
the proceedings, all the documents and all the evidence pro-
duced before the court, and is complete; *Fifth*, That the cause
was tried by the Court of Probates, on the original probate
proceedings."

*Preaux* and *J. Seghers*, for the plaintiff and appellants.

1. The curator had no power or right to procure a sale of
the property of Michel's succession until thirty days after his
appointment, i. e., after he took an oath and gave security,
which qualified him to enter upon the duties of his office.
In this case he was nominated curator the 30th August, 1834,
took the oath and gave security the 6th October, following,
and on the same day ordered a sale of the succession property.
This was clearly illegal. *Louisiana Code, articles* 1119, 1150,
1155, 1156, 1157 and 1158. 8 *Martin, N. S.*, 581.

2. The affidavit of counsel shows the manner in which
the attorney for absent heirs consented to the sale; it is on
this account null. But his appointment is illegal; it should
have been entered on the minutes of the court like other
orders.

4. The probate sale of Michel's property is null on various
grounds set forth in the record; and this court has acted upon
the principle established by Justinian, "that the sale of
property belonging to a succession *where the heirs are absent*,
must pursue the forms of law directed for its alienation, or
*the sale must be annulled.*" *Elliott* vs. *Labarre*, 2 *Louisiana
Reports*, 328.

*Pichot* and *Marsoudet*, for the appellees, contended that the
probate proceedings in the sale of Michel's property were
valid. It is not indispensable to the validity of the inventory
that the residence, ages and sex of the appraisers and
20

Eastern Dist.
May, 1837.

Michel's heirs
vs.
Michel's
curator et al.
witnesses be inserted in the body of it, or that the attorney of absent heirs be mentioned in it, if he signs it. *Louisiana Code*, 1101, 1102.

2. Nullities can only be denounced by positive provisions of law. Even in prohibitory law there must be a penal clause to annul the acts in contravention of law. *Toullier, No.* 480, 481, 482, 491 and 492.

3. There is no law which requires that the appointment of an attorney for absent heirs shall be recorded on the minutes of the court. The practice is to make the order for the appointment on the back of the petition. *Louisiana Code*, 1204 and 1214.

4. The appointment of a curator does not date from the day when he gives security and takes the oath of office, but from the confirmation of the appointment by the judge. *Louisiana Code*, 1150 and 1155.

5. The endorsement of the attorney for absent heirs on the petition, that he approved of the sale, having no objection, and his signature at the foot of the *procès verbal* of sale, are evidence sufficient that the sale was ordered contradictorily with him, as required by law.

*Bullard, J.*, delivered the opinion of the court.

The heirs at law of Jean Michel, whose succession had been administered as vacant by a curator, prosecute the present appeal from a judgment of the Court of Probates, homologating the sale and the proceedings which led to it, of a tract of land and some slaves, upon a monition procured by the purchaser.

The alleged nullities in the proceedings had in the administration of the estate, and sale of the property, are four:

1st. That the inventory and appraisement of the property under which the sale was made, is not a legal inventory; does not contain the mention that it was done in presence of any attorney at law duly appointed to represent the absent heirs, nor does it state the place of residence of the witnesses and appraisers, nor does it show that the witnesses were males of age.

2d. That there never was an attorney legally appointed to represent the absent heirs. The appointment ought to be made by an order of court, duly entered in open court, and no such order appears to have been entered.

3d. That the application of the curator for the sale of the property was premature and illegal; he was appointed on the 6th October, and was bound to wait thirty days before he could demand the sale of the real estate, and that the decree ordering the sale and the petition, are both dated the same, 6th October.

4th. That the petition of the curator was never notified to the counsel for absent heirs, and that there is no legal evidence of the existence of such counsel, and the sale was ordered entirely *ex parte*.

I. The record shows that an attorney was appointed on the 27th August, to represent the absent heirs, and that he took and subscribed an oath of office. He appears to have been present at the inventory, and signed it as attorney of the heirs. The want of mention, in the inventory, of the residence, ages and sex of the appraisers and witnesses, does not, in our opinion, render the inventory null. The code which prescribes the forms of public inventories, has not declared such a nullity, and the courts cannot supply it.

II. The record exhibits the appointment of an attorney of absent heirs, under the signature of the judge of probates, and the seal of his court. But it is said not to appear, that he was appointed by order of court, in open court, and the appointment entered on the minutes. The certificate of the judge states that G. B. Crozier had been *duly appointed*, and we are to presume he was appointed regularly, until the contrary be shown. The minutes of the court are not in the record, but the certificate of the appointment appears among the original proceedings, in relation to the estate.

III. The order appointing the curator was made on the 30th August, 1834, and he gave bond and took the oath required by law on the 6th October, following. It is contended by the appellants that the sale is null, because the curator presented his petition for the sale on the same day,

*Margin notes:*

EASTERN DIST.
*May,* 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

The *want of mention*, in the inventory, of the residence, ages, and sex of the appraisers and witnesses to it, and that it was made in the presence of the attorney for the absent heirs, are not causes of nullity which will invalidate it, when it is *signed* by the attorney of absent heirs and the appraisers and witnesses.

Where the record shows the appointment of an attorney of absent heirs, under the signature of the judge of probates, and seal of his court, and the certificate states he was duly appointed, it will be presumed he was *regularly* appointed, until the contrary be shown.

EASTERN DIST.
*May*, 1837.

MICHEL'S HEIRS
*vs.*
MICHEL'S
CURATOR ET AL.

*Where the curator did not give bond and take the oath required by law, until* more *than thirty days after his appointment, and at the same time presented his petition and obtained an order for the sale of the property of the estate, the sale will be valid as relates to the purchasers.*

*The attorney for absent heirs is not bound to make a formal opposition to the application of the curator for a sale of the property of the estate; it is sufficient if the petition is notified to the attorney, and he writes on it that he approved the sale, having no objection to it.*

*The sale of minor's property, or that of a succession, where the heirs are absent, must pursue the forms of law prescribed for its alienation, or it will be annulled. A sale by the register of wills is null, without the order of the judge of probates.*

instead of waiting thirty days, as required by article 1155 of the code. It is clear, the curator could do nothing before he had given bond, and taken the oath required. But he was appointed more than thirty days before the order for the sale was given, although not qualified to act until the very day his petition was presented. The only reason assigned by the code for this delay, is, that the curator may inform himself concerning the debts of the estate and the necessity of selling. It is not pretended that the curator was mistaken as to the amount of the debts and the necessity of a sale. We are of opinion, that, as relates to the purchaser of the property, this does not render the sale null.

IV. It is lastly contended, that the petition of the curator was never notified to the attorney of absent heirs, and that the sale was ordered entirely *ex parte*. It appears that the attorney wrote upon the petition that he approved the sale, having no objection. But it is urged that the law requires a regular *contestatio litis* between the attorney of absent heirs and the curator, and a formal decree of the Court of Probates. The code requires that the petition should be notified to the attorney, and this was done, inasmuch as he took cognizance of it, and made no opposition. The attorney certainly is not bound to make a formal opposition when the necessity for a sale is manifest. It would be doing a vain thing, and perhaps prejudicial to the estate.

The counsel relies on the case of Elliott *vs.* Labarre. In that case no judicial decree was shown, but the property in controversy was sold by the register of wills, without legal authority. In the present case we have a formal decree of the Court of Probates, recognizing the necessity of the sale for the payment of debts, and preceded by an opportunity on the part of the attorney for absent heirs, to show that in fact no such necessity existed. The purchaser is not bound, in our opinion, to look beyond this.

It is contended, that in relation to the appointment of the attorney of absent heirs, and his assent to the sale, we ought to take the affidavit of the attorney as true, to wit: that in a copy of the proceedings in the Probate Court annexed to the

petition and opposition in this case, no entry is found of any <span style="font-variant: small-caps;">Eastern Dist.</span> decree of court appointing an attorney, but only a certificate *May*, 1837. of Crozier's appointment and his official oath; and that in <span style="font-variant: small-caps;">Morgan</span> said copy the words, "I approve the within sale, having no <span style="font-variant: small-caps;">Police Jury of</span> objection," and signed by the attorney of absent heirs, are <span style="font-variant: small-caps;">Pointe Coupee.</span> not to be found. But it appears by the judge's return to a *certiorari*, that although those words may have been omitted in the copy, they exist on the original papers in his office, as copied in the transcript, and that the original papers were used as evidence on the trial.

If we had to choose between the hypothesis that these words were omitted in the copy, or that they have since the date of the copy been added to the records, interpolated long after the death of the attorney himself, we could not hesitate The objection to adopt the former. Nothing, indeed, gives the least color that property of to the supposition that the record has been altered. sold for less than

It is lastly urged in argument, that the property was sold its appraised value. We are of opinion we received, when cannot travel out of the opposition, and no such nullity is sale is not al-alleged in the pleadings. leged in the pleadings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.