Simon, J.
The dative testamentary executor of Antoine Carraby, deceased, is appellant from a judgment disallowing and rejecting the judicial mortgage by him claimed on the property of the insolvent, and homologating the amended tableau of distribution, filed by the syndic of said insolvent’s estate on the 22d of October, 1842, except as it regards that mortgage. This judgment was rendered on the appellees’ oppositions to the tableau.
The record' discloses the following fa^ts : After various proceedings had before the Court of Probates of the parish of Orleans, in the settlement of the estate of Antoine Carraby, deceased, on the account filed by P. Guesnon, acting as testamentary execu *383 tor under the will of the deceased, which account included a certain item of $934 9 34, as having been received by said Guesnon on his legacy, a final judgment was rendered by that court, on the 1st of May, 1839, amending the executor’s account, ordering that the executor recover of different persons therein named the several sums therein specified, and further decreeing, “ that the items in favor of Philippe Guesnon for the amount received by him on his legacy, be stricken off from the testamentary executor's account." This judgment was subsequently brought up by appeal before this court, in relation to the interest of Etienne Carraby, and corrected only in this last particular. 3 Robinson, 349. It appears further, that the judgment of the Probate Court was duly recorded in the office of the Recorder of Mortgages, on the 11th of May, 1839, so as to acquire the effect of a judicial mortgage on Guesnon’s property, for the sum of $9349 34 ; but that the inscription was cancelled and erased, as to Guesnon, by order of the Court of Probates of the parish of Orleans, dated the 24th of July, 1839, and deposited in the Recorder’s office on the 31st of the same month.
It is further shown, that some time after the judgment had been recorded, a rule was taken by Philippe Guesnon on the Recorder of Mortgages, and on all the parties concerned in said judgment, to show cause, on the 19th of June, 1839, why the mortgage resulting against said Guesnon from, the registry of the judgment should not be erased and cancelled, as not authorized by the same; whereupon, after due proceedings had under the rule, a judgment was rendered by the Court of Probates, ordering the Recorder of Mortgages to erase and cancel from his records the mortgage resulting from the judgment thereon inscribed as against Philippe Guesnon. This was done accordingly, as shown by the Recorder’s certificate already noticed.
It further appears that, on the 15th of December, 1838, H. R. Denis, (one of the appellees,) having sold to Guesnon, a certain lot and the improvements thereon erected, the price thereof was settled by promissory notes, for securing the payment of which a mortgage was reserved on the property sold. On the 14th of December, 1840, a loan of $6000 having been obtained by Guesnon from an insurance company, as also another loan of f3500 *384 from Denis, Guesnon secured them both by a mortgage on the property originally purchased from Denis, the latter giving the priority of the mortgage to the company. On the 30th of January, 1841, the original mortgage reserved by Denis on the property by him sold, was erased from the books of the Recorder.
It is also shown, that the Bank of Louisiana has a mortgage on certain property of the insolvent, to secure a sum of $11,700, which mortgage was executed on the 15th of December, 1840, and recorded on the 17th of the same month.
We find further in the record that, on the 4th of June, 1842, the appellant Dumas, acting as dative testamentary executor of Antoine Carraby, deceased, instituted a suit against Philippe Guesnon, as syndic of his own insolvent estate, in the Court of Probates, praying that the judgment rendered on the 24th of July, 1839, directing the cancelling of the judicial mortgage resulting from the recording of the judgment theretofore rendered in the settlement of the estate of Antoine Carraby, be avoided and annulled, and that the said judicial mortgage be reinstated. This demand was resisted by Guesnon on the plea of i'es judicata ; whereupon the Probate Court rendered judgment sustaining the exception rei judicatm, and dismissing the executor’s petition. From this judgment, it is not shown that any appeal was ever taken.
' It appears also, that the Judge, a quo, having rendered a judgment, in favor of the present appellant, giving effect to the judicial mortgage by him claimed in his opposition to the tableau first filed by the syndic, and declaring that the judgment of the Court of Probates cancelling the inscription of said mortgage was a mere nullity, and consequently giving a preference to the judicial mortgage over those claimed by Denis and other mortgage creditors, an amended tableau of distribution was filed by the syndic according to the terms of said judgment; but a new trial having been granted by the court, a qua, the appellees filed their oppositions to the amended tableau, opposing specially the judicial mortgage claimed by the appellant as recognized in the tableau; and it is on those oppositions that the judgment appealed from was rendered, rejecting and disallowing the judicial mortgage claimed by the dative testamentary executor, as having *385 been erased by virtue of a judgment, the nullity of which has never been declared in the manner provided for by law.
The appellant contends, that the decree recorded on the 11th of May, 1839, must operate as a judicial mortgage on the property of the insolvent; that it was not raised as to the estate by him represented, by the judgment of the 24th of July, 1839, ordering it to be cancelled, and is still in force in favor of said estate, and binds the insolvent’s property.
Several questions have been raised by the appellees in opposition to the appellant’s pretensions, one of which has been strenuously urged, to wit, that the decree of the Court of Probates recorded on the 11th of May, 1839, cannot operate as a judicial mortgage in favor of the estate of Antoine Carraby .against Philippe Guesnon, because there is no formal decree, and there could not be any judgment in favor of Philippe Guesnon, executor of Carraby, against Philippe Guesnon as executor, or individually. This position of the opponents would present a very important and serious question in relation to the effect of judgments rendered by Courts of Probate on the rendition of accounts of curators, administrators, or testamentary executors, whenever those judgments would present, after liquidation of the accounts, a balance in favor of the estates administered, against the curators or administrators; and we are not ready to say, that such judgments should not have the legal effect which is given to final judgments in general, and should not be subject to the legal consequences derived from their dispositions. Here, however, Guesnon is not condemned to pay any sum of money; the decree only orders that an item contained in his account in his favor, be stricken off from his said account; it is doubtful, therefore, if an execution could ever issue against him for an3? specific amount, by virtue of said judgment; and if it could, in whose name and for whose benefit such execution should issue. But, be this as it may, we think that, under the facts above stated, it is unnecessary for us to test the correctness of the judgment appealed from, by any other question but that resulting from the effect which is to be given to the judgment rendered by the Court of Probates on the 24th July, 1839, by virtue of which, the inscription of the previous judgment was subsequently erased and cancelled. Can *386 we treat that decree as a nullity, or inquire into its correctness and validity?
It is shown that the appellees acquired their mortgages subsequent to the cancelling of the inscription. At that time, they Avere undoubtedly informed that the property avas free from mortgage ; nay, the certificate of mortgages procured from the Recorder’s office and recited in the acts, shows that the only mortgage then existing on the property mortgaged to the Merchants» Insurance Company and to Denis, was the one reserved by Denis to secure the price of the property by him sold, and we may fairly presume, that the latter was subsequently raised on the faith and credit to be attached to the declaration of the Recorder of Mortgages in his certificates. Indeed, we cannot suppose that Denis would have consented to release his former mortgage, if he had been made aware of the existence of a judicial mortgage, Avhich was to take precedence over the second mortgage by him taken, or if he had not been informed of the judgment by virtue of which said judicial mortgage had been erased ; nor can we believe, that the Bank of Louisiana would have accepted the mortgage executed in its favor by Guesnon to secure the loan of a large sum of money, if, from an inspection of the books of the Recorder of Mortgages, it had not been ascertained that the inscription previously taken by the estate of Carraby, had been subsequently cancelled by judicial authority.
Now, ever since the decision of this court in the case of Casanova’s Heirs v. Avegno, 9 La. 195, we have uniformly held, that where there is a formal decree of the Court of Probates, recognizing the necessity of the sale of property for the payment of debts, the purchaser is not bound to look beyond said decree, which has the force and effect of a judgment, and which cannot be invalidated or annulled but by a direct action of nullity. 11 La. 149. 13 Ibid. 434. 14 Ibid. 146. So in the case of Lessassier v. Dashiel, 14 La. 468, Ave held, that whatever be the result of a suit by which a minor, on arriving at the age of majority, seeks to annul a judgment, by virtue of which his general mortgage was released, it cannot affect the rights of a party who purchased under the faith of proceedings apparently sanctioned by the Probate Court. So, also, in the case of Le Blanc v. His *387 Creditors, 16 La. 124, which is a case greatly analogous to the present one, we held, in substance, that judicial mortgages, and a fortiori conventional ones, acquired by third persons, under the faith and protection of a decree of a court of competent jurisdiction, which had never been annulled, should be satisfied in preference to a minor’s pretended general mortgage, which had been released previous to the recording of the judgment. This doctrine was again recognized in the case of Lessassier v. Dashiel, 17 La. 198, and in the case of Rhodes v. The Union Bank of Louisiana, ante p. 63. Here, again, the mortgages of the appellees were acquired under the faith and protection of the decree of the Court of Probates, rendered on the 24th of July, 1839 ; and it is clear, that their rights so acquired under and supported by the previous sanction of judicial authority, cannot be defeated, and must be respected.

Judgment affirmed.