## ORR et al. v. THOMAS, Administrator.

A court of Probates, under the judicial organization anterior to the constitution of 1845, was not without jurisdiction of actions in which the title to real estate was incidentally involved.

A judicial adjudication of community property made to the surviving husband, under proceedings before a court of competent jurisdiction, in which the minor heirs were represented by their under-tutor, will not be annulled for informalities anterior to the decree of adjudication. The minors being represented by their under-tutor, the judgment of adjudication is conclusive as to the facts on which it rests, until corrected on appeal, or annulled in a direct action.

In all cases of insolvency, whether the insolvent be dead or alive, his property is the common pledge of his creditors, and each creditor is a third person as to all the others, and may avail himself in the *concurso* of all equities existing between them and the insolvent or his succession.

The presumption which attaches to the thing adjudged is *juris et de jure*, and no evidence is admissible against it.

The prohibition to tutors to purchase the property of their wards, contained in art. 327 of the Civil Code, is not affected by any thing in the stat. of 10 March, 1834, s. 4, or that of 28 March, 1840. The stat. of 1834 relates to defects of form, and the provisions of the second do not embrace tutors.

An administrator has no authority to make admissions as to the value of the hire of slaves, the amount of which is claimed from the succession in his hands.

APPEAL from the Court of Probates of Avoyelles, *Baillio*, J. *Elgee*, for the appellants. *Taylor* and *Swayze*, for the defendant. *Edelin* and *Waddill*, for the intervenors. The judgment of the court was prepared by

ROST, J.* The plaintiffs are minor heirs of *Joyce Jane Thomas*, and have instituted these proceedings in that capacity against the administrator of their father's succession, for a settlement of the tutorship accounts, and the partition of their mother's succession. The succession of *Daniel T. Orr* is insolvent, and his creditors, some of whom have intervened, are the real defendants in interest.

The plaintiffs claim from the administrator: 1st. Certain slaves described in their petition, and alleged to be the separate property of their mother. 2d. The undivided half of the slaves, and one-half of the moveables belonging to the community. 3d. The paraphernal funds received by their father during marriage. 4th. The hire of the slaves, and a legal mortgage, taking effect for all their claims on the 25th April, 1831, the date of their mother's death.

The defendant and intervenors excepted to the jurisdiction of the Probate Court, so far as the question of title to the paraphernal slaves was involved in the controversy, which exception was overruled. The defendant then filed a general denial, and further answered that, if the plaintiffs ever had, in right of their mother, a title to the slaves claimed, they have been divested thereof by a judicial sale of all the separate property of her succession, and by a judicial adjudication of the community property to *Daniel T. Orr*, as surviving parent; that the decrees ordering the adjudication and sale are judgments rendered by a court of competent jurisdiction, and binding until they are reversed on appeal, or annulled in a direct action; and that should the plaintiffs recover, the succession of *Daniel T. Orr* is entitled to be compensated for the support and education of the plaintiffs, the care and maintenance of the slaves, and the community debts paid by him. There was a judgment in the court below allowing the greater part of the plaintiffs' claim; but their representative, conceiving it to be in some respects erroneous, took the present appeal.

The defendant and intervenors insist upon their plea to the jurisdiction; and, in case it should be overruled, ask that the judgment be amended so as to maintain the validity of the judicial sale and of the adjudication.

The claim of the plaintiffs, for the paraphernal slaves themselves, while the defendant offers, in the settlement of the succession of *Joyce Jane Thomas*, the price at which they were purchased by the husband, may fairly be considered as an incident of this action, and we are of opinion that the plea to the jurisdiction was properly overruled. Neither fraud nor lesion are alleged in the adjudication of the community property to *Daniel T. Orr*. The minors were represented, in the proceedings, by their under-tutor; the Court of Probates had jurisdiction of the subject matter; and the informality alleged is anterior to the decree of adjudication. This case is not easily distinguished from that of *Lalanne's heirs* v. *Moreau*, 13 La. p. 432, in which the court refused to notice the irregularities in the proceedings anterior to the decree ordering the sale of the property of the succession. The decree of adjudication in this case has the same force and effect; both create a title, on the faith of which the purcha-

---

* This opinion was read by another member of the court, in the absence of *Rost*, J.; by whom it was prepared, at the preceding term.

ORR
*v.*
THOMAS.

ser paid his money in one instance, and the surviving parent obtained credit in the other. The decree of adjudication is, in the language of the plaintiffs' counsel, a judicial bill of sale—*un veritable contrat de vente.* Troplong, Prescription, no. 883.

In all cases of insolvency, whether the insolvent be dead or alive, his property is the common pledge of his creditors; and each creditor is a third person as to all the others, and may avail himself, in the *concurso,* of all equities existing between them and the insolvent or his succession. See the case of *Guillemin's Succession,* 2 Ann. 634.

It is contended that the decree of adjudication contains neither a description of the common property, nor the price at which it was adjudicated, and that it is void on account of uncertainty. That is sufficiently certain, which can be made certain. It has been shown in this very case which were the slaves belonging to the community: and it is not pretended that there is error in that part of the judgment. The slaves being known, it is easy to ascertain in the inventory, the prices at which they were appraised. The decree is no doubt defective in form; but defects of that kind were habitual in the proceedings of the courts of Probate; and when no fraud is alleged, the preservation of the rights of property, for which this court is in a great measure established, makes it our imperative duty to disregard informalities, and to give effect to the conservative principle that, when the law-giver is silent nullity is seldom to be presumed.

Had the slaves in this case died or diminished in value, the minors would have enforced their rights under the decree of adjudication, and the informalities alleged would not have availed the creditors of *Orr.* It is the increase in the value of the property, and the difference in amount between the hire of the slaves and the interest on the price of adjudication, which have given rise to this claim. Speculation upon events are devoid of equity, although minors may be parties to them; and there is nothing in the circumstances of the controversy which could justify a departure from the rule settled in the cases of *Michel's heirs* and *Lalanne's heirs,* 11 La. 149. 13 La. 432. The under-tutor having represented the minors in the proceedings, the judgment of adjudication is conclusive as to the fact upon which it rests, until corrected on appeal, or annulled in a direct action. 2 Peters, 166. It is well settled that the presumption which attaches to the thing adjudged is *juris et de jure,* and that no evidence is admissible against it.

The adjudication of the common property to *Daniel T. Orr* must be sustained, and the plaintiffs credited with one-half the amount thereof, with interest from the 26th of May, 1835, till paid, and a legal mortgage on the property of the succession, from the 25th of April, 1831.

Judgment was properly rendered in favor of the plaintiffs for the separate property of their mother. Article 327 of the Louisiana Code prohibits tutors from purchasing the property of their wards, and that prohibition has not been removed by the statutes of 1834 and 1840, on which the defendant relies; the first of those acts has reference to defects of form, and the provisions of the second do not embrace tutors.

The legal mortgage operating in favor of the minors after their mother's death, never was replaced by such a conventional mortgage as the law requires, and is still in force. It takes effect from the day on which the tutorship devolved on *Daniel T. Orr,* for all sums due by him until the final settlement of the tutorship account. Civil Code, arts. 268, 3282.

The question has been raised, whether the succession of *Orr* owed interest on the hire of the paraphernal slaves. That question is not properly before us at this stage of the proceedings; and it is possible that, after deducting yearly the expenses of the minors and of rearing the young slaves, from the hire of the grown slaves and the other income of the minors, the balance remaining will not exceed $500.

We had come to the conclusion to liquidate the money claims of the plaintiffs, and to render in their favor a judgment to be classed and paid in the regular course of administration of their father's succession. A further examination of the record, and of the written argument of counsel, has induced us to change our opinion in this respect.

The admissions of the administrator are the basis upon which the judgment of the court below as to the hire of the paraphernal slaves rest. He was incompetent to make admissions of that kind; and, without them, we are of opinion that the evidence in the record would not authorize the hire allowed. This, and other facts in the record, satisfy us that the ends of justice will be promoted, by remanding the case for the purpose of having the claims of the plaintiffs liquidated contradictorily with the creditors of the succession. The late Supreme Court considered that course necessary in all cases of insolvency. See *Blois, tutor et al.* v. *Yard & Blois, syndics,* 14 La. 250. But we wish to be understood as merely exercising the discretion vested in us to remand cases, when justice, in our opinion, requires it.

It is, therefore, ordered, that the judgment in this case be amended, so as to read as follows: It is ordered that the plaintiffs, in right of their mother, *Joyce Jane Thomas,* recover from the defendant, in his capacity of administrator of the succession of *Daniel T. Orr,* the following forty-five slaves, to wit. [The names of the slaves are omitted. R.] It is ordered that, the adjudication of the common property to *Daniel T. Orr,* be sustained. It is ordered that, the case be remanded to the District Court, and cumulated with the proceedings in the insolvent succession of *Daniel T. Orr,* with a view to further proceedings according to law, and the principles settled in the foregoing opinion. It is further ordered that, the plaintiffs and appellants pay the costs of this appeal.