JOHN HOWARD *v.* MICHAEL ZEYER—TIMOTHY KIMBALL, Warrantor.

Every marriage in the State superinduces a community of acquets and gains, unless there be a stipulation to the contrary.

A warrantor is not bound to look beyond the decree of a Court ordering the sale of succession property; and he acquires all the right of the deceased to said property, and no more.

The right which a possessor has, in case of eviction from the thing reclaimed, to retain it, until he is reimbursed, brings with it the expenses he may have incurred on it.

APPEAL from the District Court of the Parish of Jefferson, *Cazabat,* J. B. L. Lynch, for plaintiff. J. E. Holland, for defendant. L. Castera, for warrantor, appellants.

HYMAN, C. J.    Plaintiff brought suit to recover a lot of ground in defendant's possession, alleging in his petition that he bought it from William Rode, in March, 1852.

The lot is in Mechanic's Village, Parish of Jefferson.

He prayed that he be decreed the owner of the same; that it be restored to his possession, and that he have judgment for its fruits and revenues, and for damages.

Defendant, Zeyer, in answer, denied plaintiff's allegations, averred that he was the bona fide owner of the lot, and asked for judgment quieting his possession, and for damages.    He called in warranty his vendor, Timothy Kimball, who answered, denying that he was bound in warranty to defendant, and averring that he bought the lot at a public sale of the property of the succession of Bridget Dillon, plaintiff's deceased wife, under a decree of the District Court of the Parish of Jefferson, where the succession was opened. -

The Judge gave judgment, decreeing that the plaintiff was owner of the lot, and that a writ issue to put him in possession thereof, condemning Kimball to pay defendant, his vendee, $483, the price that defendant had paid Kimball for it.

Defendant, Zeyer, and Kimball have appealed from this judgment.

At the time plaintiff bought the lot, 12th March, 1852, he was married to Bridget Dillon.    She died subsequently, and the lot was sold at public sale, under an order of Court, by the administrator of her succession, to Kimball, as belonging to her succession, who sold it thereafter to defendant, Zeyer, for $483, with full warranty.    Zeyer, before he was sued, put some improvements on the lot, which cost him $100.

Neither plaintiff nor defendant has proved any damages.    Plaintiff has not produced any evidence of what were the fruits and revenues of the lot.

Every marriage in the State superinduces a community of acquets and gains, unless there be a stipulation to the contrary.    C. C. 2369.

There is no evidence that plaintiff and Bridget Dillon entered into any stipulation affecting the community of acquets and gains at the time

their marriage; and, without evidence to that effect, the conclusion is that there was no such stipulation, and that a community existed between them during their marriage.

The lot was a part of the community, and plaintiff, at his wife's death, was the owner of an undivided half thereof. The other undivided half belonged to her, Bridget Dillon's, estate.

Plaintiff does not sue as deriving any title from his wife by inheritance or otherwise, and he has only shown that he is owner by virtue of his purchase in 1852, of an undivided half of the lot.

Kimball was not bound to look beyond the decree of the Court, ordering the sale of the property of Bridget Dillon's succession (see 11 La. 149; 3 R. 119); and he derived from the sale to him whatever title her succession had in the lot, and no more.

The sale by Kimball to defendant, Zeyer, of the whole of the lot, gave him such title only as Kimball had, but it made him a possessor in good faith of the whole of the lot, as he had just reason to believe that he was sole owner. While defendant possessed in good faith he had a right to put improvements on the property, and when evicted therefrom, he must be paid for expenses incurred by him for improvements thereon. See C. C. 3416, ¿ 2.

Appellants contend that as the sale of the lot was made under a decree of the Court to pay the debts, that the community between plaintiff and deceased, Bridget Dillon, owed, the sale was rightly made, and divested plaintiff of his title to the lot. It is unnecessary to examine this position, as there is no evidence that the lot was sold to pay community debts.

Appellants further contend that, as plaintiff knew that the sale of his property was ordered by a decree of the Court, and as he did not oppose the sale, his silence and inaction ratified it.

The answer to this is, that there is no proof that he knew of such a decree.

It is ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; it is further ordered that plaintiff recover one undivided half of the lot described in his petition.

It is further decreed that plaintiff recover the costs of suit in the lower Court, from defendant.

It is further decreed that defendant recover of plaintiff the sum of fifty dollars, being a half of the expenses for improvements on the lot.

It is further decreed that defendant recover of his vendor, Timothy Kimball, the sum of two hundred and fifty-one dollars and fifty cents, with five per cent. per annum interest thereon, from the date of defendant's eviction, and the costs of suit incurred in the call of warranty in District Court.

It is further decreed that the plaintiff pay the costs of this appeal.