Ilslev, 3.
At a sale of the property found in the Succession of J. J. Michel, made in the city of New Orleans, on the 13th October, 1866, by N. J. Hoey, an auctioneer, and purporting to be in virtue of an order of the Second District Court of New Orleans, dated 11th July, 1866, certain lots of ground were adjudicated to Edward H i.yden and E. J. Leeke, separate purchasers, for the prices respectively stated in the procés-verbal of sale. These purchasers, having refused to pay the cash instalments, and to furnish notes in accordance with the terms of the sale, a rule was taken upon each of them to show cause why they should not do so.
They severally set up informalities and irregularities in the sales, which, as they alleged, rendered them null and void; and, as we deem one ground relied on fatal, it is needless to examine the others, which indeed if grounds of nullity, preceding the sales, would not have affected the purchasers. Hebrard’s Succession, 18 An. 485.
It seems that an order for the sale of the property had been rendered on the 11th July, 1866, but on the 5th October, 1866, several days previous to the sale, a new order of court made contradictorily between a creditor and the tutrix, who had obtained the first order, had suspended the sale until she should take out letters of administration, and furnish bond and security for the sum of $3,500, which she failed to do.
It is evident, then, that when the auctioneer proceeded to adjudicate the property, under the last order, he acted without authority, as the order of court under which he sold was not then legally operative. 2 La. Rep. 328. 11 La. Rep. 156.
Under the circumstances stated, the sale being a nullity, the purchasers thereat were not legally bound to comply with the terms of sale, (9 A. 232,) and the judgment of the lower court ordering them to do so, must be reversed.
It fs therefore ordered, adjudged and decreed that the judgment of the District Court, on the rule dated 19th October, 1866, be annulled, avoided and reversed. It is further ordered, adjudged and decreed that the said rule be dismissed, the costs thereof in both courts to be paid by the plaintiff and appellee,