## No. 3646.

SUCCESSION OF JAMES M. PINNIGER. Rule against WIDOW FLANNER, purchaser.

The judgments in this case appointing a testamentary tutor and the mother of minors their natural tutrix were not absolute nullities, and can not be attacked collaterally. Where a divorced wife marries again, and after the death of her first husband, claims to exercise her rights of tutorship by nature over the issue of her first marriage;

Held—That the forfeiture announced in article 254 of the Revised Code has no application to her case.

There is no law prohibiting a divorced wife from becoming natural tutrix of her children after the death of their father.

The fact that there are no special tutors ad hoc appointed for minors at the time of the sale of their property does not concern the purchaser.

The services of special tutors ad hoc are not necessary to effect a sale of minors' property. Their duty begins at the partition before the notary, if not appointed at the time of the sale, they may be appointed afterwards and before the notary begins the partition.

The purchaser at a judicial sale is protected by the decree ordering the sale, and is not bound to look beyond it.

APPEAL from the Second District Court, parish of Orleans. *Duwigneaud*, J.   *C. M. Conrad & Son, William Grant, E. T. & E. J. Fellows*, for G. F. Porter, executor and tutor, and al. appellants.   *W. Murphy*, for Widow Flanner, appellee.

Justices concurring : Ludeling, Taliaferro, Howell and Wyly.

WYLY, J.   In 1869 James M. Pinniger obtained judgment of divorce, against his wife, Emily Robertson, and it was ordered that the children, the issue of the marriage, be placed under the care of the father, except Martha, the youngest, who on account of her youth was placed under the care of her mother.   After the divorce, but during the life of said James M. Pinniger, the said Emily Robertson married W. W. Freeman. Subsequently, to wit:   In October, 1870, James M. Pinniger died, leaving a small succession and leaving a will bequeathing his property to his four children, to wit:   James R., Emily Y., Isaac M., and Martha Pinniger, and appointing George F. Porter testamentary executor and also tutor to the minor, Emily Y. Pinniger.

On the twentieth December, 1870, the said Porter was duly qualified and received letters in both capacities.   Mrs. Freeman was confirmed, on the advice of a family meeting, as natural tutrix of the other three minors.

On the advice of a family meeting the court subsequently ordered the sale of the property in order to effect a partition. After due advertisement, and observance of the formalities of law, the auctioneer sold the property pursuant to the order of the court. A part thereof was adjudicated to Widow Flanner, who refused to comply with the terms of adjudication and a rule was taken to compel her to do so.

To this rule the purchaser filed an answer setting forth that she refused to comply with the adjudication, for the reason that there is a cloud on the title offered her, that the formalities required by law for the settlement of a succession, or to make a partition between minors, had not been complied with, in the following particulars, to wit:

*First*—That one of the heirs (all being issue of the same marriage) is represented by a testamentary tutor appointed by the father during the existence of the mother of the minor, which is null.

*Second*—That the other minors are represented by their mother who was appointed natural tutrix after having contracted a second marriage which could not legally be done.

*Third*—That the mother after contracting a second marriage could only be appointed dative tutrix, and that as such, like all dative tutors, was bound to give security, and that until all the formalities required by law have been complied with, the acts of the so called tutor has no binding effect on the minors.

*Fourth*—That the mother having been divorced by a judgment of the Fifth District Court, and deprived of the care and control of the same minors, she could under no circumstances be appointed their tutrix.

*Fifth*—That to effect the partition, the heirs having separate and opposing interests in the succession, should have been represented by special tutors *ad hoc* for each of them, which was not done.

*Sixth*—That a partition thus made is only provisional and can be set aside at any moment on the application of any of the minors.

The court dismissed the rule and the testamentary executor and the tutors of the minors appeal. We think the court erred.

The judgment appointing George F. Porter testamentary tutor of the minor, Emily Y. Pinniger, and the judgment appointing the mother of the minors natural tutrix of the other three children, are not absolute nullities, and they can not be attacked collaterally. 14 An. 623; 13 An. 380.

The forfeiture announced in article 254 Revised Code has no application to a case like this. Mrs. Freeman was not married while she was natural tutrix. At the time of her marriage to Freeman there was no tutorship, because the father of the children, James M. Pinniger, was living. It was not till after his death that a tutorship became necessary.

We know of no law prohibiting a divorced wife from becoming

natural tutrix of her children after the death of their father. The fact that there were not special tutors *ad hoc* appointed for the minors at the time of the sale does not concern the purchaser. Their services were not necessary to effect the sale. Their duty begins at the partition before the notary. If not appointed at the time of the sale, they might be appointed afterwards, and before the notary begins the partition. The only interest the purchaser has is to get a good title.

Here is a regular proceeding for the sale of the property to make a partition. The order of sale is based upon the advice of a family meeting, and the advertisement and all the formalities necessary for the sale seem to have been complied with.

It is well settled that the purchaser at judicial sale is protected by the decree ordering the sale, and is not bound to look beyond it. 11 La. 156; 13 La. 431, 432; 16 La. 440; 3 R. 122; 2 An. 466, 507; 14 An. 622; 15 An. 250, 676, 641; 18 An. 485, 407; 21 An. 425, 505, 514; 22 An. 175, 629; 23 An. 628, 630, 614.

On complying with the terms of adjudication the purchaser will get a valid title to the property, and that is all the interest she has in the controversy.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that the rule herein be made absolute at the costs of the appellee in both courts.