## No. 4253.

### (Court of Appeal, Parish of Orleans.)

## SUCESSION OF MRS MARY HENICKE, WIDOW OF GEORGE RIEHLMAN.

1. Where one of several heirs to an estate, alive applies for

the administration of the same, and in anticipation of his appointment gives bond and takes the oath six days before such appointment and files same the day before such appointment and thereafter in his official capacity provokes a partition and secures the sale of the succession property, all other legal formalities having been observed, held: That such sale, notwithstanding the irregular manner of qualifying as administrator, will be valid as relates to purchasers. The appointment cannot be attacked collaterally by the purchaser.

2. The rights of the heir whose death was presumed are certainly not lost to him should he reappear, but his action is against his co-heirs and not against the purchasers at the partition sale; the title to the property so acquired by them is above attack from that direction.

Appeal from Civil District Court, Division "A."

A. Guilbault, Attorney for Succession.

Stafford, Lambert & Robinson, for Appellant.

ESTOPINAL, J. In 1890 George Reihlman bought of the State of Louisiana three certain lots the subject of this litigation, sold for the taxes of 1889 and assessed in the name of Succession of Francois Lacroix.

This acquisition by Reihlman was made during the existence of the community between himself and his wife, Mary Henicke Reihlman, died 1905 intestate, and left surviving him and his said wife and the following children:

1.—Maggie Reihlman, wife of Jacob Heitzman.

2.—Frank Reihlman.

3.—Magdelelena Reihlman, wife of Wm. S. Selick.

4.—Jacob Reihlman, absentee.

5.—Andrew Reihlman.

6.—Mrs. Lula Reihlman.

7.—Mrs. Elizabeth Reihlman, wife of Frank Sutz and Kate Reihlman, George Reihlman, and Frank Reihlman, children of Peter Reihlman, a deceased son of George Reihlman.

The succession was opened and on October 31st, 1905, a judgment was rendered, recognizing Mrs. Mary Henicke as his survivng widow and the above named as his sole heirs.

Mary Henicke, surviving wife of George Reihlman, died March 31st, 1906, intestate, leaving as her sole heirs, the children above named, and her succession was duly opened.

Lula Reihlman, wife of Victor Verret, applied for, and was appointed administratrix of her mother's succession on May 1st, 1906, and she took the oath and otherwise qualified on April 24th, 1906. *The oath was filed on April 30th, the day before her appointment.* On May 14th, 1906, the administratrix instituted partition proceedings against her co-heirs, all being made parties and cited except Jacob Reihlman, who was absent and had been absent for ten years prior to his mother's death.

On November 9th, 1906, judgment was rendered ordering the sale of the succession property to effect a partition.

Finally on Dec. 18th, 1906, the property consisting of three lots were adjudicated to Thomas Walker, Jacob T. Kirn and Henry P. Comfort, one lot to each. The purchasers refused to take title and were brought into Court by way of rules to show cause. The lower Court gave judgment compelling them to take title, from which judgment this appeal was taken. Appellants properly contend that they should not be compelled to take a title that is suggestive of litigation, and they make a number of objections to the title tendered, the principal ones being directed against alleged irregularities in the succession proceedings.

The first objection urged is that the suit for partition was instiuted by the administratrix in her official capacity, and that in fact and in law she was not qualified as administratrix for the reason that she was appointed on May 1st and *never thereafter qualified by taking the oath.*

It is true that some strange irregularity is shown, the record disclosing that the oath was taken a few days before, instead of within *ten days* after appointment. This irregularity is not cured by the fact that the oath was *filed* the day before or nearly contemporaneous with the appointment, but we fail to discover wherein the defendants are concerned. The corheirs of the administratrix were all made parties to the partition proceedings and every act performed by said administratrix has been, in a way, ratified by the heirs who had an equal right with her to the admniistration. The appointment of an administrator cannot be attacked collaterally by the purchaser.

The Supreme Court has held that where there is *some irragularity* in the appointment of a curator who has obtained an order for the sale of the property of the estate, the sale

*will be valid as relates to purchasers.* Michel vs. Michel, 11 La. 149.

Appellants then aver that even if the administratrix was properly qualified, then the judgment of partition is void because Jacob Reihlman, one of the children of deceased, was not a party to the said partition proceedings either directly or by substituted service; that in the succession of George Reihlman, only one year prior to the proceedings in the succession of Mrs. George Reihlman, Jacob Reihlman was sent into possession of his virile share, but that in the partition proceedings the absentee and heir was unrepresented either by an attorney for absent heirs or a curator ad hoc, and that the judgment declaring the children, excepting and excluding Jacob Reihlman, owners of said property, and decreeing a partition, is not binding, and is null and void in so far as the absentee is concerned.

There can be no doubt or question as to this last proposition, but would that in any way jepardize the interest of the purchasers at the partition sale? Their only concern is to have and to hold by a title unassailable.

The record informs us that Jacob Reihlman was absent for ten years, and that during this long period he has been heard of but once, this being some five years prior to the death of his mother. Since then every effort made by his relatives to find or locate him have proved futile and a reasonable presumption of his death has sprung from his long absence and silence and the inability of his people to locate him. The fact that he was named as one of the heirs of George Reihlman in the Succession proceedings of the latter and sent into possession of his virile share in said succession does not now alter his status. The proceedings as to him were of no effect. His existence at the time was unknown. He was not present to accept or renounce. Civil Code, Art. 980. The rights of the heir whose death is presumed are certainly not lost to him should he reappear, but his action is against his co-heirs and not against the purchasers in the partition sale. The title to the property so acquired by them is above attack from that direction.

The Supreme Court has so held in express terms.

Tobin et al vs. U. S. Safe Deposit and Savings Bk. 115 La. 366.

Martinez vs. Wall, 102 La. 742.

403

The Supreme Court has said that the purchaser must be satisfied with a reasonably safe title and that even though it should happen that the presumption of death was ill-founded and the heir whose death was presumed should return after the partition and disposition of the estate, his action for his share is against his co-heirs.

With reference to absent heirs and the manner in which their interest may be represented, the Civil Code Article 1316 provides:

"With regard to the absent co-heirs, the curators who have been appointed to them, *or the relations who have been put into possession of their effacts,* can sue and be sued for a partition as *representing* in every respect the *absent heirs.*"

Article 1381 of the Civil Code provides:

"If after the partition an heir appears whose death has been presumed on account of his long absence, or whose right was not known, as if a second testament, unknown until then, should entitle him to inherit with the others, the first partition must be annulled, and another must be made of all the property *remaining in kind* and of the *value of whatever has been consumed or alienated,* in order that he may have the share of the whole to which he is entitled."

Therefore, it is seen that he, the absentee, is entitled to an accounting from his co-heirs of the *value* of that part of the estate which has been alienated, but cannot recover the property itself.

Pretermitting consideration of the several other objections urged by the purchasers some of which have been abandoned and the others not seriously pressed, there remains to be considered but one other, and that is "that the property appears to have been acquired in the year 1890 at tax sale from the estate of Francois La Croix; tha subsequent to said sale, an inventory in the succession of Francois La Croix was taken which was duly homologated showing that the succession of La Croix still claime dthe property sold at the sale and involved in this suit and that this claim until judicially determined, would threaten the purchasers with possible litigation and constitute a cloud on the title tendered them."

George Reihlman acquired the property in 1890 and took actual possession and by the operation of time the title has

become impregnable. All actions against the tax title are prescribed. It is shown further that a proceeding instituted by the administrator of the succession of La Croix against George Reihlman to annul and set aside the tax sale, was, on motion of the said succession, discontinued. This is tantamount to an acquiescence and is confirma.cry of the validity of the tax title.

We are of opinion that the title tendered is reasonably safe and that respondents should be compelled to accept same.

The judgment appealed from is corerct and it is hereby affirmed.

June 17th, 1907.

Rehearing refused June 28, 1907.

Writ denied by Supreme Court August 12, 1907.