## MARIA THERESA EULALIE VALDERES, Testamentary Executrix of Vincente Sebastian Pintado, deceased, and Natural Tutrix of his minor children v. ABRAHAM BIRD and others.

Where a formal decree of a court of Probates, recognizing the necessity of selling the property inherited by minors, for the payment of the debts of the succession, was rendered after giving an opportunity to the attorney of the absent heirs to show that no such necessity existed, a purchaser of the property will not be bound to look beyond the decree.

Where the sale of the property of a succession is made for the payment of debts, it may be sold for less than the appraised value.

Want of sufficient time for advertising between the date of the judgment of a court of Probates ordering the sale of the property of a succession and the sale, is a defect cured by the lapse of five years. It is such an irregularity as the act of 10 March, 1834, relative to advertisements, was made expressly to remedy. See sect. 4. The act applies to proceedings and sales previous to its passage ; but the prescription of five years runs only from the date of the act, as to anterior defects and informalities.

APPEAL from the District Court of East Baton Rouge, *Johnson*, J.

*G. B. Taylor* and *Labauve*, for the appellant.

*Elam*, for the defendants.

GARLAND, J. The plaintiff in her capacity of executrix and tutrix, claims a tract of land of four *arpents*, and a fraction front, on the left bank of the Mississippi, by the depth of forty *arpents*, and a back or double concession of the same width and depth, which Vincente Sebastian Pintado, in his lifetime, purchased of one Baptiste Boullion, on the 15th of December, 1804. The defendants claim the land under an alleged probate sale, made under the authority of the Court of Probates of the parish of East Baton Rouge, at the instance of Diego E. Pintado, who had been appointed curator to the absent heirs of Vincente S. Pintado, deceased, and also under the plea of prescription.

The facts are, that V. S. Pintado died in Havana, in the year 1829, leaving a widow and four minor children residing there. He left a will in which the widow is named executrix and tutrix of the minors. In the month of March, 1831, Diego E. Pintado, who states himself to be a brother of the deceased, presented a petition to the Court of Probates of East Baton

Rouge, in which he says, that Vincente had died in the island of Cuba, but owned real estate in that parish. He states, that a widow and four heirs have been left in the city of Havana, naming them, and that they have rights in the succession; and he prays that he may be appointed *curator of the absent heirs* of the deceased. An attorney was appointed to represent the absent heirs aforesaid, and, after notice of the application, Diego E. Pintado was appointed as prayed for. About five weeks after this appointment, the curator of the absent heirs filed a petition against their attorney, in which he states, that "the time prescribed by law to pray for a sale of the real estate in like cases had expired, and that active debts of the succession require a sale, as will more particularly appear by the annexed schedule;" that there are no movables or slaves belonging to the succession, and that the real estate being situated on the Mississippi, and the levée being in bad condition, great loss is likely to ensue. The list of debts are, the fees of the clerk of the Probate Court, $10 87; the fees of the Probate Judge, $12 50; notarial fees and costs of sale, about $60; and a sum for repairing the levée, estimated at $50. An answer was filed to this petition by the attorney of the absent heirs, and a judgment given, directing the land in controversy to be sold, for one-third cash, and the other two-thirds on certain terms of credit, which was subsequently done, and the defendants became the purchasers; and, as it appears from the record, paid the price to Diego E. Pintado. This sale took place on the 7th of June, 1831, and the defendants have had possession ever since under it. The judge below, in his judgment, says, that the plaintiff has failed to make out such a case as can disturb the possession of the defendants, as the prescription of five years, under the act of March 10th, 1834, covers the informalities of which the plaintiff complains; wherefore he decides against her. She has appealed.

The Civil Code (arts. 1105, 1106 *et seq*,) authorizes the Court of Probates, "when any one dies leaving a vacant succession, or heirs absent from and not represented in the State," to appoint curators to such vacant estates, or absent heirs. The mode of applying for, and of appointment to such curatorships, is the same; and their duties are similar. In the case before

us, the records from the Probate Court of East Baton Rouge show that Diego Pintado gave bond and security as required by law; and the judge certifies, in the certificate of appointment, that all the legal requisites had been fulfilled. The petition praying for the sale of the property, was served on the attorney for the absent heirs, who filed an answer, and the court decreed the sale to be necessary for the payment of the debts and the preservation of the property. This the court had authority to do, under the Code (arts. 1155, 1156, 1157); and it is not for us to revise or annul its judgment collaterally, however improperly or unadvisedly the judge may have, apparently, acted. In this case, we see no cause at all in the record before us, for a sale of the land in controversy; but it was judicially ordered and sold, and the time for an appeal has elapsed, and we must give effect to the proceeding.

All the informalities alleged, except one, preceded the judgment ordering the sale. With them, so far as the defendants, who are purchasers, are concerned, this case cannot be distinguished from several others decided by this court. It is now well settled, that where there is a formal decree of the Court of Probates, recognizing the necessity of selling the property inherited by minors for the payment of debts of the succession, and giving an opportunity to the attorney of the absent heirs to show that in fact no such necessity existed, the purchaser is not bound to look beyond the decree. 11 La. 149. 13 La. 431. It has also been repeatedly held, that when the sale is made to pay debts, the property may be sold for less than the appraisement.

The want of sufficient time for advertising, between the rendition of the judgment of the Court of Probates and the sale, is a defect, which the act of 1834, relative to advertisements, was expressly made to remedy. The plea of prescription must prevail as to that.

The counsel for the plaintiff contend, that the act of 1834 has no application to proceedings and sales previous to its adoption. We think otherwise. The prescription of five years would probably not commence to run, except from the date of the law, in relation to anterior defects and informalities. 2 Rob. 374. 1 Ibid, 331.

*Judgment affirmed.*