Foreman *vs.* Francis.

## No. 7439.

### Oscar H. Foreman vs. Marion Francis et als.

An appeal bond is in time if filed on the last day on which the record could be filed, provided twelve months had not elapsed since the date of the judgment appealed from.

Where notes are payable to the order of the maker and are by him endorsed in blank, and the mortgage securing them is in favour of a named person and any other or future holder of them, neither the notes nor the mortgage need be stamped anew when transferred to another than the original holder, even if the United States revenue laws could impose a law of evidence upon the State courts, a doctrine which the court repudiates.

Where, in the proceedings upon an order of seizure and sale, the notice of seizure was defective in not mentioning one of the tracts of land seized (the plantation being composed of two tracts), such omission is one of those irregularities that is cured by the lapse of five years, and the plea of prescription when opposed thereto is good.

APPEAL from the District Court for East Baton Rouge. McVEA, J.

*Barrow & Pope* for Plaintiff Appellant. *Favrot & Lamon* for Defendant.

The suit is to annul an order of seizure and sale, and the adjudication thereunder, of a plantation composed of two tracts of land. The order was taken at the instance of A. Rochereau & Co., against the plaintiff Foreman, and the sale made in 1867. This suit was entered in 1877. Rochereau & Co. are defendants also with their vendee.

On motion to dismiss,

SPENCER, J. The judgment was rendered in June, 1878, and the

22

appeal was returnable on second Monday of February following, the 10th of that month. The appeal bond was not filed until the 13th. The record can be filed within three days after the return day. So can the bond, provided twelve months have not elapsed since the judgment.

*Motion denied.*

On the merits,

The notes are payable to the maker's order — Foreman — and are endorsed in blank by him, and the mortgage is in favour of Fellowes & Co., or any future holder of the notes, and therefore, it is true to say the mortgage was in favour of Rochereau & Co. So that even if the law were as stated by plaintiff, that when a mortgage was transferred, a new stamping was necessary, and that the instrument became void in the hands of the transferree and lost its character as evidence before the State courts — a doctrine to which we by no means assent — it has no application to this case.

The plaintiff admits in his pleadings that a notice of seizure was served on him, but avers that it did not embrace the 450 acre tract. The sheriff returned that he seized both tracts and sold both. The notice is not in the record, and the plaintiff offered no proof of his allegation, and the only proof that any notice was given is the plaintiff's admission in pleading. So that although the order, the writ, the advertisement and the deed, call for and enumerate both tracts, the notice of seizure omitted one of them. If such defect existed in fact, it is one of those irregularities or illegalities which is cured by by the five years prescription. C. C. 3043; 10 Rob. 396; 21 A. 505; 27 A. 536. The plea of prescription is sustained.

*Judgment affirmed.*