## No. 11,660.

BELARD & JOHNSON VS. GEBELIN & DUGGAN.

The plaintiffs claim, as heirs, their interest in real estate inherited.

The heirship was denied by the defendant, and only one of the plaintiffs proved that she is an heir of the deceased from whose successions they claim to inherit.

The suit is dismissed as to the heir who did not prove his heirship.

The public administrator was recognized as the administrator of the succession of the father, who died in 1867.

An inventory was made and an account filed which was homologated; in the decree the sale of the property was ordered to pay debts.

On appeal the decree to sell the property was reversed. Subsequently in a court of competent jurisdiction another order of sale was issued to pay debts and the property was sold.

The adjudicatee acquired a valid title to half the property. The purchaser was not bound to look beyond the probate decree.

With reference to the other half of the property mortgaged by the mother after the death of her husband.

In the foreclosure proceedings the mother, who was an absentee, was not cited. The judgment and the sale thereunder are absolute nullities and do not support the plea of prescription.

The defendant, a purchaser at a sale made subsequently, is entitled to one-fourth of the taxes paid by him and one-fourth the value of his improvements, and to one-fourth of the purchase price paid by him to his warrantors.

Proof of the price of the sale pronounced null and void is not such as will support judgment for the amount in this case.

The suit of Mrs. Leonie Lancelot is dismissed at her cost in both courts.

The defendants are condemned to pay the costs of the appeal taken by Eugenie Lancelot.

The defendants consent that judgment for plaintiffs be entered against them.

The warrantors do not consent to such a decree.

Judgment is rendered as prayed for by the defendants as against themselves, but not against the warrantors.

The right of the former, the defendants, to recover amount claimed of the warrantors, is especially reserved.

APPEAL from the Fifteenth Judicial District Court, Parish of East Baton Rouge. *Buckner, J.*

*Cross & Cross* for Plaintiffs and Appellants.

*Kernan & Laycock* and *J. A. Addison* for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J. The plaintiffs, Leonie Lancelot, wife of Daniel Belard, and Eugenie Lancelot, wife of W. D. C. Johnson, allege that they are heirs of Jean Marie Lancelot, their father, who died in Baton Rouge in 1868; and of Marie E. Lancelot, their mother, who died in California in 1889, and sue the defendants to be recognized as owners of immovable property described in their petition, and to be placed in possession. One of the defendants, Duggan, denies in his answer that he is the owner of the property, and avers that his co-defendant, Gebelin, is the owner. The latter, Gebelin, in his answer denies that plaintiffs are the heirs of Jean Marie Lancelot and Marie E. Lancelot, his wife, as alleged by them.

The only evidence relating to proof of heirship was introduced by the defendants, who offered it presumably to show that plaintiffs are not the heirs of Jean Marie Lancelot and wife, or not their only heirs. Plaintiffs argue that the evidence proves their heirship; the evidence consists of six certificates of birth and baptism, containing different names from those of plaintiffs' except in one.

The first is the certificate of the birth and baptism of Eugene Victorin Lancelot. The second of John Anthony Lancelot. The third of William Albert Lancelot. The fourth of Victor Thomas Henry Lancelot. The fifth of Joseph Lafitte Lancelot; and the last of Marie Eugenia Louise Lancelot. Three of the children of the marriage, it seems, are dead. The name of Leonie is not mentioned at all, nor that of Eugenia, the nearest to it being Marie Eugenia Louise Lancelot. One of the given names, with the family name, suffices for identification.

The heirship of Mrs. Johnson being proven, the issues will be decided only in so far as relates to her, she being the only party

plaintiff, under the proof made; as to the others, the suit will be dismissed.

This case was before this court on appeal taken by the plaintiffs from a judgment dismissing their suit on a peremptory exception interposed by one of the defendants, Duggan. The judgment of dismissal was reversed, the suit was reinstated and remanded to the District Court, to be tried on its merits. 46 An. 326.

Our previous decision contains a statement of the case; another statement in this case, setting forth the facts, would be mere repetition.

The defendant Gebelin, in his answer filed after the case had been remanded, and therefore not included in the statement in the first appeal, alleged, substantially, that Mrs. Lancelot in June, 1879, mortgaged her half interest to secure $450, upon which mortgage the creditor, Feibelman, obtained judgment, and under execution of that judgment bought the property mortgaged. That in July, 1880, the purchaser, Feibelman, sold to John H. Lamon.

That the latter was decreed the owner in a suit against J. O'Connor, administrator, and subsequently sold to Charles McVea.

That he bought the other half interest of the property at a public sale in May, 1884, in the succession of Jean Marie Lancelot. That at the instance of Charles McVea a judgment of partition was obtained and the property was ordered sold, and at the sale he became the owner of his half interest. He alleges his good faith, and avers that none of the sales and orders upon which his title is based can be collaterally attacked in this suit, but that the plaintiff must institute a direct action to revoke them.

He claims the taxes that he paid; the value of the improvements he has made on the property; that the proceeds of the sale of the property have been applied to the payment of the debts of the successions of Jean Marie Lancelot and of Mrs. Lancelot; in case he should be evicted, he is entitled to the restitution of the purchase price of the property.

The judgment of the District Court rejects the demand of plaintiffs. They have appealed.

There is no difference of any moment between the plaintiffs and defendants as to the facts of the case stated. They differ regarding an account filed by the administrator and as to the effect of the homologation of the account, also regarding the effect of a sale of a

half interest of the father, Jean Marie Lancelot, to pay community debts.

The plaintiffs contend that the purchaser is not an innocent third person.

Plaintiffs and defendants also differ regarding the sheriff's sale to Feibelman of one-half of the property attacked on the ground that there was no citation on the debtor, Mrs. Belard, or her husband, in the attachment suit of the former, the creditor, Feibelman.

Prescription *vel non* also is one of the issues with reference to one-half of the property belonging to the succession of Jean Marie Lancelot.

John O'Connor, public administrator, in 1871 applied for the appointment as administrator of that succession, and alleged that the widow had permanently left the State, and that the succession was indebted.

An attorney for absent heirs was appointed.

The appointment of the public administrator was opposed by the under-tutor and by an alleged agent.

The opposition was overruled and the administrator was appointed.

In 1872 he presented a tableau of liabilities and assets; the latter consisting of real estate in his possession not sold.

Contradictorily with the attorney for absent heirs and after required advertisement the account was homologated; the court ordered the sale of the real estate at public auction to pay debts.

Subsequently, on the representation of the tutor of the minors, there was a hearing before the Parish Judge in opposition to the sale. A peremptory exception was filed to the opposition of this tutor by the administrator, which was sustained by that judge.

On appeal to the District Court the judgment of dismissal of the opposition was annulled, the opposition was not passed upon, the case was remanded by the District Court to the Parish Court.

Under the Constitution of 1879, the District Court became vested with original jurisdiction of the case.

That court was vested with authority to order the sale, and in its exercise ordered the sale.

As far as the record discloses, the public administrator held that position until the office was abolished. He had not been discharged, and was the administrator at the time of the sale, under the provision of Sec. 4 of Act 111, extra session of 1877, that nothing in the

act abolishing the office should be so construed to affect the management of successions then under administration by the public administrators.

With reference to the joint interest sold separately, the widow had mortgaged her interest, and the sale which followed of the property mortgaged, even if void, was notice to third persons that the half had been encumbered with a mortgage and sold, and that there was no necessity of a sale of more than the remaining half. Moreover, it has been repeatedly decided that a purchaser at a sale of succession property is not bound to look beyond the decree of the court ordering the sale. " It is now well settled that where there is a formal decree of the court of probates recognizing the necessity of selling the property inherited by minors for the payment of debts of the succession, and giving an opportunity to the attorney of the absent heirs to show that in fact no such necessity existed, the purchaser is not bound to look beyond the decree." Michel's Heirs vs. Michel's Curator *et al.*, 11 La. 149; Lalaune's Heirs vs. Moreau, 13 La. 431; Valderes, Executrix, vs. Bird and others, 10 Rob. 396.

The proof does not sustain the charge that the purchaser was not in good faith. So far as the record shows he was a third person, without interest, and occupied no position making it improper for him to bid on the property.

With reference to the remaining interest, the half composing the assets of the succession of Mrs. Jean Marie Lancelot, the plaintiffs urge that there was no citation and that the property was never actually in the possession of the sheriff. The widow of Lancelot was married to Francis Belard. She was not Mrs. E. Lancelot.

The citation is addressed to " Thos. B. Dupree, attorney *ad hoc*, representing Mrs. E. Lancelot, an absentee." Belard, her husband, was not a party to the suit. The judgment was rendered against an officer of the court representing the wife alone. We deem this an illegal citation, upon which no valid judgment could be rendered. Citation is the foundation of the suit. When addressed to a curator *ad hoc*, through whom defendants are to be brought into court, it should not be addressed to him as representing the wife alone and ignore the husband, who is a necessary party to the suit.

The defendants can not be considered bound by a citation not addressed to them or to their curator *ad hoc* as their legal representative in the suit.

The curator can not exercise any of the functions of that trust until served with regular process.

Until then his appearance in the case is of no legal effect.

The sale of Mrs. Belard's interest in the property, under the execution of a judgment rendered without citation, is an absolute nullity.

The defendants plead the prescription of five and ten years as giving title.

The adjudication was null and void and does not support prescription.

The adjudicatee, Feibelman, sold the property to Lamon in 1880.

The deed of sale is equally as ineffective as a basis of prescription. In the deed containing the no warranty clause was included the judgment obtained by the adjudicatee. It was null and void, having been rendered on an illegal citation. The nullity was apparent on the face of the judgment transferred. The purchaser was an attorney at law. The deed had never been recorded. The price was the comparatively insignificant sum of fifty dollars. The purchaser took no legal steps to obtain possession prior to 1884, four years after the deed to him. The transferee of an illegal judgment, under the circumstances of this case, and the purchase of the property sold under its execution, is not owner in good faith.

The subsequent sales and partition would support the plea of prescription if the time required from their dates had elapsed. These last owners are several removes from the sale which was made on insufficient citation. He (the owner who made the improvements on the property) is entitled to one-fourth of the value of the improvements, and one-fourth of the taxes paid by him.

He is also entitled to one-fourth of the price paid by him for half of the property to the late Charles McVea, and to a judgment against his heirs for the amount, with legal interest from judicial demand.

With reference to the improvements, their value is charged at this time, and not referred to a petition for the reason that the plaintiffs, in the brief, concede that the defendant is entitled to their value.

The demand for the purchase price of the property at the sale of November 20, 1872, to Feibelman, is dismissed.

It is not established that the heirs ever received the amount, or that they were in any manner benefited by the sale or its proceeds.

It is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed in so far as relates to the property of Jean Marie Lancelot, thereby affirming defendant Gebelin's title to half of the property at one time owned by Jean Marie Lancelot and Emilie Lancelot, his wife, in community.

As to the remaining half of the property it is ordered, adjudged and decreed that the judgment be annulled, avoided and reversed, to the extent of one-fourth of the whole, of which one-fourth the plaintiff Eugenie Lancelot, wife of W. D. C. Johnson, is hereby decreed the owner, and it is ordere I that a writ of possession issue placing her in possession, and that she recover judgment at the rate of two dollars a month rental on the said one-fourth from judicial demand.

It is further ordered, adjudged and decreed that the defendant Gebelin recover from Eugenie Lancelot one-fourth of the taxes paid by him and one-fourth the value of his improvements, with legal interest from day of judgment, and that the same be paid by her to the defendant Gebelin before execution of judgment and eviction.

The taxes paid amount to one hundred and thirty-two dollars and thirty cents.

The value of improvements, one thousand and eighty-one dollars and ninety cents, the one-fourth due by the plaintiff is three hundred and three dollars and seventy-two cents.

And that the demand of this defendant, for the purchase price in matter of the sale of November 18, 1872, is dismissed.

It is further ordered, adjudged and decreed that the defendant Gebelin have judgment against his warrantors, Charles McVea, W. W. McVea and Mary V. McVea, jointly, for one-fourth of the purchases paid by him, viz., two hundred and twelve dollars and fifty cents, with legal interest from judicial demand; that Mrs. Leonie Lancelot, wife of Daniel Belard, in so far as relates to her suit and her appeal, pay the costs of both courts, and that the remaining costs—that is, the costs of Eugenie Lancelot in the lower court and on appeal, be paid by the defendants.

### ON APPLICATION FOR A REHEARING.

The plaintiffs in their application for a rehearing aver that Leonie Lancelot was recognized as heir when her mother qualified as tutrix,

and that the tutor appointed after her mother's death swears that she was recognized as heir.

We have not found evidence of record proving that Leonie Lancelot was recognized as an heir of her mother, nor is there any evidence of record proving that her mother qualified as tutrix of a daughter named Leonie. The certificates of baptism do not include Leonie as one of the children.

The dative tutor testifies " there were two children when their father died, a boy and a girl."

This suit was brought by Leonie and Eugenia, two of the alleged daughters.

Presumably one of the daughters was a posthumous child, not known to the tutor who testified, and that this accounts for the two daughters.

We are morally convinced that Leonie's rights as heir are as alleged. But after diligent examination of the record we have not found legal evidence of the fact. Plaintiffs' application for a rehearing would be refused but for the fact that the defendants, through counsel, have joined in the application, and have alleged that they are satisfied that Mrs. Leonie Belard, one of the plaintiffs and appellants, is a daughter of Jean Marie Lancelot and his wife, Emeline Cabos. They aver that appearers desire to make an end of this litigation, " and therefore pray the court to grant the rehearing asked by counsel for appellants and to render in favor of the said Mrs. Leonie Belard the same judgment that has been rendered in favor of Mrs. Eugenie Johnson, with a corresponding judgment in favor of appearers for taxes and improvements, and against the warrantors of appearer for the additional sum of two hundred and twelve dollars and fifty cents." The warrantors have not joined in this application.

As between plaintiffs and defendants we can give force and effect to the agreement, not, however, in so far as relates to the warrantors, who deny the heirship alleged.

Considering the foregoing application it is ordered, adjudged and decreed that as between plaintiffs and defendants our previous decree be amended by rendering in favor of Leonie Belard the same judgment as that rendered in favor of Mrs. Eugenie Johnson, with a judgment corresponding in her favor for taxes and improvements, similar (as set forth in our original decree) ; also as to costs, that is

they (in the lower court and on appeal) are to be paid by the defendants, as relates to Leonie Belard.

The defendants' rights to recover two hundred and twelve dollars and fifty cents from the warrantors are reserved.

As between plaintiffs and defendants on the one part and the warrantors on the other the rehearing is refused, with reservation to defendants as above.

The parties having agreed to the amendment made, no rehearing need be granted.