WILLIAM AUGUSTUS ELMORE *v*. SAMUEL BELL.

Errors in the return of process should be amended so as to make the return conform to the truth ; and the party entitled to demand such amendment, cannot be deprived of the right, by the expiration of the term of service of the sheriff or deputy sheriff who committed the error. Nor is it any objection, that the amendment will affect rights acquired by third persons.

A sheriff may amend his return, even after a contest in which its validity is attacked.

APPEAL from a judgment of the Parish Court of New Orleans, *Maurian*, J.

*W. W. King*, for the appellant.

*Chinn*, for the defendant.

MARTIN, J. The plaintiff is appellant from a judgment discharging a rule, which he had obtained against the defendant, to show cause why the sheriff should not pay him a sum of money, to wit, one thousand dollars, more or less, which remains in the hands of that officer after having satisfied the claim of Florance on an order of seizure and sale obtained against Morrison, and directing the money to be paid to the defendant. The plaintiff and appellant claimed the money in the hands of the sheriff, as the owner of the property sold on the order of seizure and sale, under a conveyance from Morrison, who had mortgaged it to Florance, with the clause *de non alienando*. The sale of Morrison to the plaintiff was *sous seing privé*, executed in the State of Kentucky, and recorded in Mason county in that state, and afterwards in the office of the Register of Conveyances in the city of New

Orleans. It is dated the 27th of May, 1841, and the registry in New Orleans took place on the 30th of June following. The instrument *sous seing privé* was acknowledged by the vendor before a notary public in the State of Kentucky.

The defendant claimed the money on the following grounds: He had attached the land sold by the sheriff at the suit of Florance, in an action instituted by himself against Morrison, in which he obtained a judgment, and took out an execution, which was levied on the money in the hands of the sheriff, now claimed by himself in the rule. It is objected that the sheriff first returned that his execution had been levied on the 30th of June, 1841; and that afterwards he procured an amendment of the return, whereby the execution appears to have been levied on the 29th. That according to the first return, he was entitled to no priority over the present plaintiff and appellant, who recorded his title in the office of the Register of Conveyances, on the day the execution was levied; and that the court erroneously permitted an amendment which gave to the defendant and appellee a priority over his adversary. It was farther objected, that the return of the execution was made and amended by one, who had ceased to be a deputy sheriff when he made the amendment. The parish judge sustained these objections.* In our opinion he erred. Errors in the return of a process may be amended, and, indeed, must be, when the object is to make the return conform to truth; and the party who is entitled to demand the amendment, cannot be deprived of it by the office of the sheriff or deputy sheriff, who committed the error, having expired. Neither is the circumstance that the amendment affects rights acquired by third persons, sufficient to prevent it. In the case of *Aubert* v. *Buhler*, 3 Mart. N. S. 489, we held, that a sheriff may amend his return, after a contest in which its validity is attacked. See also, 1 Johnson's Cases, 31. 5 Johnson, 89. 9 Ib. 384. 3 Caines, 98. 1 Cowen, 413. 11 Mass. 413, 477. 1 Taunton, 322.

The defendant and appellee has clearly shown his right, by the

---

* He dismissed the rule, however, on other grounds, unnecessary to be noticed.

levy of his execution against Morrison, to the money in the she-
riff's hands.

*Judgment affirmed.*