## OFFUT v. MONQUIT et al.

A bond can be legally seized by a sheriff only by his obtaining actual possession of it. A purchaser at a sheriff's sale made without a previous seizure, acquires nothing.

APPEAL from the District Court of Lafayette, *Overton,* J. *W. B. Lewis,* for the plaintiff. *Brent* and *Porter,* for the appellants. The judgment of the court was pronounced by

KING, J. The commercial firm of *Dupré, Jubertie & Tinet,* while in liquidation, received, under an execution, a twelve months' bond executed by the defendants. On the day on which the bond was taken it was transferred to the plaintiff, in part satisfaction of a larger sum which he, as endorser for the firm, had paid. At the time of the transfer *Tinet* was dead, and his succession represented by *Jubertie,* as administrator. Some months after the transfer, *Miramond,* a judgment creditor of " *Jubertie,* executor," caused an execution

OFFUT
*v.*
MONQUIT.

to issue, in virtue of which this bond was, as, it is contended, seized. Previous to the alleged seizure, the attorney of *Miramond* was notified of the transfer, but persisted in instructing the officer to seize. On the day of the sale, the sheriff, when offering the bond, proclaimed that it had been transferred, notwithstanding which the defendant *Monquit,* the principal obligor, purchased it. The plaintiff claims in this action the amount of the bond, and the defendant *Monquit* sets up in defence that the seizure of the sheriff and his adjudication to her were legal, and that by reason of her purchase the bond has been extinguished. A judgment was rendered in favor of the plaintiff, from which the defendants have appealed.

We are satisfied from the evidence that, no legal seizure of the bond was ever effected. That instrument appears to have remained in the possession of the plaintiff, from the date of his purchase until the commencement of this suit. The sheriff, so far from having been in possession of it under the writ, was unable to describe it in his notices. In an attempt at a description he omitted the date, and left its amount in blank. We have lately held that the sheriff can only seize such effects by obtaining actual possession of the object levied upon. *Fluker* v. *Bullard,* ante 338.

The defendant, under the defence set up, can only successfully resist the claim of the plaintiff, by showing the superiority of her own title to the bond, and in this she has failed. She not only purchased with a previous notice of the transfer to the plaintiff, but acquired at a sheriff's sale made without a previous seizure. The plaintiff, who is the holder of the bond, may legally enforce its payment, as far, at all events, as relates to the parties to this controversy.

*Judgment affirmed.*