STATE<br>v.<br>LARTIGUE.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## J. L. RIDDELL v. A. EBINGER.

<div align="right">

| 6. | 407 |
|----|-----|
| 113 | 196 |

| 6 | 407 |
|----|-----|
| 120 | 43 |

</div>

An alias writ may. be issued on an order of seizure and sale by executory process, after the first writ has been returned not executed; and it is not necessary that the judge should issue a new order of seizure and sale.

Informalities in the advertising or manner of making a sheriff's sale are barred by five years' prescription.

APPEAL from the District Court of Jefferson, *Clarke*, J.

In this case a sheriff's sale was sought to be annulled upon the following grounds: 1. That there was no judgment authorizing the writ under which the sheriff acted. 2. That no notice, as required by law, was given to *Kessler*; nor the legal advertisements made previous to the sale. 3. That the sale was not a public one, but the result of a combination between *D'Orgenoy* and the sheriff for the benefit of the latter. 4. That the price was never paid. 5. That the sheriff never made any return of the writ under which he acted. 6. That the sale was not registered in the proper office of conveyances in the parish of Jefferson.

*T. A. Bartlett*, for plaintiff. *Brewer* and *Dunlap*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff sues to recover four lots of ground in the possession of the defendant, and has appealed from the judgment rendered against him.

In February, 1832, *Gormley* and *Miller* sold the lots to *Constantin Kessler*. This sale was made on credit, and a mortgage was retained to secure the price. *Kessler* failed to pay the price, and his vendors sued out an order of seizure and sale. The lots were sold under that order on the 19th August, 1843, and purchased by *Louis LeBreton D'Orgenoy*, who was then put in possession by the sheriff. Two of the lots were subsequently conveyed by *D'Orgenoy* to *Jacques Charbonnet*, and have come to the defendant's possession by a regular chain of conveyances; the other two lots were acquired by him at the probate sale of *D'Orgenoy's* succession.

The plaintiff claims under a private act from *Kessler* to him, registered in the office of conveyances for the parish of Jefferson,. on the 21st February, 1848, and alleges that the sheriff's sale to *D'Orgenoy* was null and void, and that *Kessler* was not divested of his title by it.

Two of the objections alleged by the appellant against the sale are, that there was no judgment authorizing the writ under which the sheriff acted, and that the sale had not been registered in the proper office in the parish of Jefferson.

The writ under which the sale was made was an *alias*, and it is contended that the order of seizure was a judgment only so far as the original writ was concerned; that it expired when the writ was returned, and that no other writ could issue without a new order of court.

This objection has so often been held unfounded by our predecessors and our-selves, that we deem it unnecessary to do more than refer to some of the cases

in point. *Ursuline Nuns* v. *Depassau*, 2 N. S. 646. *Mader* v. *Fox*, 15 L. R. 152. *Harrod* v. *Voorhies*, 16 L. R. 256. *Fortier* v. *Zimple*, ante p. 53.

We do not think the plaintiff is in a situation in which he could avail himself of the want of registry.

The other informalities alleged in avoidance of the sheriff's sale, are all barred by the prescription of five years under the act of 1834, which the defendant has expressly pleaded. 3 R. R. 374.

The alleged fraudulent combination between the sheriff and *D'Orgenoy* could not, if it existed, affect the defendant, who is a purchaser in good faith, for an adequate consideration which he has paid. It is proper to state, however, that the unfairness of the sale, so far from being proved, is rendered extremely improbable by the fact that *Kessler*, who attended it, was satisfied with it and made none of the objections now set up.

The defendant has shown as his title, a valid judgment, an execution and a sheriff's sale. This is sufficient to defeat the plaintiff's action. *Brosnaham* v. *Turner*, 16 L. R. 454, and cases there cited.

The judgment is affirmed, with costs.