## CHARLES H. WEBB *v.* TEMPLE S. COONS.

Sale under *fi. fa.* set aside for want of valid writ and notice.

It is where the purchaser is evicted on the ground that the thing adjudged to him belongs to another person than the party in whose hands it was taken, that he is left to his recourse for reimbursement against the seized debtor and seizing creditor. But where the seized debtor himself seeks to rescind the sale on account of informality, equity requires that he should make the *bona fide* purchaser whole before he evicts him.

C. P. 711.

APPEAL from the District Court, Tenth District, parish of Madison, *Farrar*, J. *Wallace*, for plaintiff and appellant. *Harrison* and *Dubose*, for defendant.

VOORHIES, J. The defendant is appellant from a judgment setting aside as informal, the sale of a tract of land alleged to have been made to him by the Sheriff, under writs of *fieri facias* against the plaintiff.

The following facts are disclosed by the record: The firms of *Peet & Sims* and *A. F. Dunbar & Co.*, recovered, respectively, judgments against *Webb*, the appellee, on which writs of *fieri facias* were issued on the 19th of January, 1849. The writs thus issued, were returned by the Sheriff on the 16th of March, 1849, and on the next day, alias writs were issued. On the 23d of March, a notice of seizure, dated the 14th of the same month, was served by the Sheriff on the appellee. On the 28th of April following, *Eliza Jane Webb*, the appellee's wife, instituted an action against the seizing creditors to set aside the seizure, on the ground that the property belonged to her and not to the seized debtor; and also claimed the sum of $200 as damages. Thereupon, she prayed for judgment in her favor against them, and that the Sheriff should be notified of her demand. Although she did not pray for an injunction, and none was granted for aught that appears to the contrary, yet the execution of the writs, it would seem, was suspended until the final termination of her suit, which resulted in a judgment rendered by our predecessors, against her. See 7 An. 92. On the 8th of June, 1852, the Sheriff returned the writs. His return shows, that the property was advertised for sale by him pursuant to a notice of seizure, which he certifies to have been given to the appellee by his predecessor, on the 23d of November, 1849. The only return on either of the writs, which may be ascribed to the former Sheriff, is

as follows, viz: "Received on the 17th day of March, 1849." The next sentence is in these words: "On the 24th of March, 1852, I advertised all of the property described in the within notice of seizure." The property was adjudicated to the appellant on the first Saturday in June, 1852, at twelve months' credit, for the price of $200."

It is urged by the appellant, that the date of the notice of seizure is erroneously set forth in the Sheriff's return; that instead of the 23d of November, it should have been the 23d of March, 1849. We consider this objection inadmissible, inasmuch as it was competent for the Sheriff to amend his return, at any time, so as to make it conformable to truth. Had he been required by the appellant, we have no reason to doubt, that such an amendment would have been made by him. But, be this as it may, the amendment appears to us to be immaterial, as the notice of seizure of the 23d of March, could only apply to the first writs which had been issued in those cases; so that it would seem there was was neither seizure, nor notice of seizure, under a valid writ. For this reason, we do not think the District Judge erred in setting aside the sale. Nor do we think he erred in requiring the plaintiff to repay the purchase money advanced by *Coons*, and which went to pay his debts. It is where the purchaser is evicted on the ground, that the thing adjudged to him belongs to another person than the party in whose hands it was taken, that he is left to his recourse for reimbursement against the seized debtor and the seized creditor. C. P. 711. Where the seized debtor himself seeks to rescind the sale on account of informality, equity requires that he should make the *bona fide* purchaser whole, before he evicts him. 6 An. 581. The judgment requires amendment in this respect.

It is therefore ordered and decreed, that the judgment of the District Court be so amended, as that no writ of possession or execution shall issue in favor of the plaintiff, and the said judgment shall be without effect until the plaintiff shall tender to the defendant, or deposit in court for him, the sum of two hundred dollars, with five per cent. interest from the date of its payment by defendant. It is further ordered, that in other respects, the judgment be affirmed; the costs of appeal to be paid by the plaintiff and appellee.