## John Monticon *v.* W. G. Mullen, Executor, &c.

The proper mode of seizing a debt existing in the form of a judgment, is a notification of seizure by the Sheriff to the judgment debtor.

APPEAL from the District Court of Jefferson, *Burthe,* J.
M. *Grivot* and Z. *Latour,* for plaintiff and appellant. *McCay* and *Edwards* and W. S. *Scott,* for defendants.

VOORHIES, J. The property of *Antonia Renturia* was seized and advertised to be sold by the Sheriff of the parish of Jefferson, under a writ of *fieri facias* on a judgment in favor of *Isaac Collins* against the plaintiff, *John Monticon.* The sale was injoined by *Renturia,* and the execution made perpetual at the costs of *Collins.* On the judgment thus rendered in favor of *Renturia,* an execution was issued for the costs, amounting to the sum of $17 .70. The Sheriff's return states: "Received July 28th, 1854, and same day seized all the right, title and interest of *Isaac Collins* in and to a certain judgment rendered in the case of *Isaac Collins* v. *Jean Monticon,* No. 4263 of the docket of the Third Judicial District Court, and same day issued notice of seizure to said *Isaac Collins,* notifying him of said seizure, and which was duly served on him

<div style="margin">MONTICON<br>
v.<br>
MULLEN.</div>

by said defendant, and on the 19th day of August, same year, I advertised said judgment for sale at public auction for cash, in the English language, in the Carrollton Star, a newspaper published in the parish of Jefferson, announcing said sale to take place on Monday the 30th August, 1854, &c." It also appears from the return, that *Collins* was notified to name an appraiser, but did not do so, nor was he present at the sale, when the judgment thus seized was adjudicated to *José Antonio De la Rondo* for the price of $55.

By an act under private signature, dated 27th September, 1856, *De La Rondo* declares that, shortly after the adjudication he transferred to *Monticon*, for a valuable consideration, his title to the judgment thus acquired by him. *William G. Mullen*, as executor of the last will of *Isaac Collins*, having caused an execution to issue on the judgment against *Monticon*, the latter enjoined the same, on the ground that said judgment was extinguished by confusion, as he had become the transferree thereof as above stated.

The defendant pleaded a general denial and specially, that the whole of the proceedings under which the pretended sale to *De La Rondo* was made were null and void; and prayed for the dissolution of the injunction with damages.

The plaintiff is appellant from a judgment dissolving the injunction and awarding damages against him in favor of the defendant.

The only question which we consider necessary to be examined, is whether the judgment in question was legally seized or not. Without a legal seizure, it is clear that the adjudication under it conferred no title on *De La Rondo*. We take it to be the rule as laid down in the case of *Hanna* v. *Bry*, 5 A. 656, that "the proper mode of seizing a debt existing in the form of a judgment, is a notification of seizure by the the Sheriff to the judgment debtor." In the case at bar, it does not appear that such notice was given. See 9 A. 525.

Judgment affirmed.