JOHN T. GRANT & Co. v. MICAJAH HARRIS et als.

16  323
50 1109

The Sheriff's return in relation to sales made by him under execution, is only *prima facie* evidence of the facts stated in it between the parties, and is subject, like other presumptive evidence, to be rebutted by contrary proof.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
T. G. & A. J. Semmes, for plaintiffs and appellants.    Race & Foster, for defendants.

LAND, J.   This suit was instituted to annul a judicial sale at the suit of Watson & Kavanaugh and of William McMichael against T. C. Bates & Co., of two certain orders, each for ten thousand dollars, drawn by John T. Grant & Co. upon, and accepted by the New Orleans, Jackson & Great Northern Railroad Company, and to recover back the price of adjudication, on the ground that the orders were never, in point of fact, seized by the Sheriff, and were not the property of the defendants in execution at the time of the pretended seizure and sale, but belonged to third parties.

The defendants deny that the plaintiffs were the purchasers at the judicial sale, and specially aver that the adjudication was made to Thomas B. Lee, who never perfected the sale by a payment of the price; and further specially aver, that the Sheriff's return on the writ of execution is erroneous, false, and not in accordance with the facts and proceedings under the writ.

On the trial in the court below, the defendants offered in evidence the sales-book of the Sheriff, and the testimony of certain witnesses to prove the allegation in their answer, that is to say, that the adjudication had been made to Thomas B. Lee in person, and not as agent for plaintiffs or any one else, but the evidence was rejected by the Judge *a quo*, on the ground that it tended to contradict the return of the Sheriff, which, under the circumstances of the case, concluded the defendants.

A bill of exceptions was reserved to the ruling of the Judge rejecting the testimony offered to prove the averments in the answer; and the defendants insist in this court that their bill of exceptions was well taken, and that the testimony should have been received on the trial of the cause.

GRANT & Co.
*v.*
HARRIS.

If the plaintiffs were not, in point of fact, the purchasers at the judicial sale, they have no right to maintain this action on the grounds alleged in their petition, that is to say, on the grounds that the orders were never seized by the Sheriff, and were not the property of the defendants in execution at the time of the pretended seizure and sale, but belonged to third parties; and whether the testimony offered was admissible under the pleadings, depends on the question whether the defendants were concluded by the Sheriff's return on the writ of execution, which declared that the adjudication of the orders seized had been made to Thomas B. Lee, as agent for John T. Grant & Co., the plaintiffs in this suit.

The defendants in this suit, M. Harris and Harris & Levi, were plaintiffs in execution against T. C. Bates & Co., by virtue of an assignment, and subrogation entered upon motion in open court, prior to the judicial sale; and the question presented is, whether a plaintiff in execution is concluded by the Sheriff's return on his own writ, from contradicting the facts therein stated.

The Sheriff's return in relation to sales made by him under execution, is only *prima facie* evidence of the facts stated in it between the parties, and is subject, like other presumptive evidence, to be rebutted by contrary proof. *Lafon* v. *Smith*, 3 L. 476; *Succession of Goodrich*, 6 R. 107; *Lawrence, Syndic*, v. *Young*, 1 An. 297.

The plaintiffs' counsel, however, contend that the defendants are estopped from contradicting the Sheriff's return, by the recitals in an act of sale of certain railroad stock made by the plaintiffs to them, the defendants.

It is true that the act of sale contains a recital to the effect, that the two orders were purchased by the plaintiffs at the judicial sale, but if the act can be considered as an estoppel as to the defendants, it would be equally so as to the plaintiffs who are parties to it, and preclude them from recovering in this case.

We are of the opinion that the Judge *a quo* erred in rejecting the testimony offered for the purpose of proving the alleged error in the Sheriff's return.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed; and that this cause be remanded for a new trial, and further proceedings according to law, the appellees paying the costs of this appeal.

VOORHIES, J., absent.