No. 3711.—JOHN M. CORSE v. C. F. L. STAFFORD et al.

In seizing real estate under execution, the sheriff must take actual corporeal possession of the property seized, otherwise a petitory action to recover the same, can not be maintained by the purchaser at sheriff's sale. 22 An. 207; 23 An. 512.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. T. C. Manning and A. Seay, for plaintiff and appellant. Ryan & White, for defendant and appellee.

TALIAFERRO, J. This is a petitory action to recover a tract of land and plantation of which the plaintiff avers ownership, and which he alleges the defendants hold illegal possession of, and refuse to deliver to him.

The suit is brought against a married woman and her husband. The wife answers that she holds the property under a dation en payment from her husband made in satisfaction of a judgment rendered against him in her favor for paraphernal rights and claims, and she called her husband in warranty. In answer to this call in warranty, the husband denies that the plaintiff ever acquired any title to the property in dispute, and proceeds to allege that the judgment and sheriff's sale set forth as the basis of this claim or title, are null and of no effect, because the suit in which the judgment was rendered was dismissed by the district court on exception, and at the time the judgment was rendered, the case was on appeal to the Supreme Court, and unless by order of that court, it could not have been reinstated on the

docket of the district court, because the alleged agreement by which the plaintiff avers the property was to be delivered up to him on defendant paying a certain debt in installments, was entirely unauthorized by him, his attorneys having entered into it without his authority. He further answers that he was never notified of the judgment, and that the sheriff never took possession of the property which he pretended to seize.

In the court below the defendants had judgment in their favor and the plaintiff prosecutes this appeal.

The plaintiff holds under title derived from Tate, who it seems bought the property in controversy at sheriff's sale provoked by himself and Dupey, as holders of two notes of J. M. Stafford, one of the defendants, given as part of the price of the property in dispute, which was specially mortgaged to secure the payment of the notes. The proceedings generally seem not to have been conducted with exactness, and especially in reference to the seizure of the property by the sheriff under the order of siezure and sale, which we can not but regard as fatally defective. It is shown that the possession of the defendants was not divested by the act of seizure either actually or constructively, and that the sheriff never had the property under his custody; the deputy sheriff who was employed to make the seizure testified on the trial of the case. Being shown the return on the back of the execution he said: "I signed this return; don't recollect whether I went on the plantation or not; we always do; we generally go on the plantation, read the writ to the parties, and give them a notice of seizure; after reading the writ and giving the notice, we come home; that is the only seizure we make, as a general thing, where it is land; I don't recollect ever taking a further possession than this in the case; I say this from the general mode of seizng land; I never remained on the land myself; I don't think John De Lacy, sheriff, did; I know he did not remain on the place; J. M. Stafford has been on that place before and after that seizure, and during the seizure. Except by instructions I never place a keeper on a place; I don't recollect that Stafford was appointed keeper. It has been so long ago I recollect very little about it. When we put a keeper on property we always state so in the returns."

Under the sheriff's sale we think the plaintiff did not acquire title because it was never taken into the possession of the sheriff, and, therefore, that he can not maintain his petitory action.

It has been frequently decided that a sheriff's sale without a valid seizure confers no title. 11 An. 761; 12 An. 275: 19 An. 58; 22 An. 207; 23 An. 512.

It is therefore ordered that the judgment of the district court be affirmed with costs.