### No. 6554.

Mrs. Adelina Luckett vs. Cora A. Crain.

The advertisement of property, seized under executory process, on the very day of the seizure, has no invalidating effect, provided there are thirty days advertisement, and thirty-three clear days intervene between the seizure and the sale.

Where the process of the court, in an injunction, does not seem to be seriously abused, special damages need not be imposed.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. Trial by jury.

*Ryan & White,* for plaintiff and appellant.

*R. A. Hunter,* for defendant.

The opinion of the court was delivered by

SPENCER, J. Defendant obtained an order of seizure and sale against property of plaintiff; after due notice of the order the writ issued, and on fifteenth April, 1876, between twelve and one o'clock, the sheriff seized the property and gave notice thereof to Mrs. Luckett, sale to take place twentieth May, 1876. The sheriff's advertisement of the sale appeared in the Rapides Gazette, the official paper, on the same morning of fifteenth April, 1876. The publisher says the paper was distributed usually between eight and nine o'clock in the morning.

The plaintiff in this suit (defendant in said executory process) enjoins said sale on the grounds—

First—That the evidence on which the process issued was not authentic.

Second—That the advertisement was premature.

Third—That she was entitled to certain credits on the notes.

The first ground seems not to have been insisted upon below or in this court.

The second ground, the prematurity of the advertisement, is, we think, without much if any merit.

It is admitted, in argument, by plaintiff's counsel that the sheriff might advertise immediately after seizure, without waiting the lapse of the three days, provided thirty-three days clear intervened between the day of seizure and day of sale. The law only requires thirty days advertisement. It appears to us that the law has been complied with. The law takes no heed of the parts of a day. The seizure was made on fifteenth April, and the advertisement was published on fifteenth April, and thirty-four days intervened between that day and day of sale. We express no opinion upon the case which would be presented if the advertisement should be published on a day preceding that of the seizure.

The third ground of injunction was sustained, and plaintiff allowed the credits claimed. The evidence as to one of the credits, $150, paid by Walk, is not very satisfactory; but the case seems to have been tried

by an intelligent jury, and we do not feel inclined to disturb the verdict.

The judgment of the court below is, however, clearly erroneous in condemning the plaintiff in injunction to pay the costs. She sustained her injunction to the extent of the credits claimed, and did not therefore owe the costs.

The defendant prayed for damages in the court below, on dissolution of the injunction, and has filed answer in this court, asking that damages be allowed. The notes bear eight per cent interest, and we do not think this case discloses such an abuse of the process of the court as to justify the infliction of special damages. We think the jury and court below properly disallowed them.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed and set aside; and it is now ordered, adjudged, and decreed that the injunction sued out by plaintiff be perpetuated to the extent of the credits allowed by the jury, to wit: $465 (being credits additional to those indorsed on the notes), and that for the balance of the debt the injunction be dissolved and set aside; and it is further ordered that the defendant in this suit pay costs of both courts.