PROVOSTY, J.
Plaintiff’s rice farm was sold at judicial sale under a mortgage given *193 by bimself, and for a fair price, and now, after the purchaser and his assigns have been occupying and cultivating it for more than six years, and the property has become valuable through the discovery of oil, he brings this suit to recover the property, on tbe grounds that the full legal delays were not permitted to intervene between the notice of demand and the issuance of the writ of seizure and sale, and between the notice of seizure and the advertisement, and on the further ground that the sheriff did not take actual possession of the property, whence the double consequence, first, that the seizure was invalid and the sale with it, and, second, that the court was without jurisdiction to proceed in the case, because the debtor was an absentee, who could be brought into court only by an actual seizure of his property.
We find, as a fact, that the writ did not issue prematurely. The notice of demand was seiwed on the 22d of August, and the writ issued on the 27th, an interval of four clear days. The law on the subject is article 735 of the Code of Practice, which reads as follows:
“Art. 735. In obtaining this order of seizure, it shall suffice to give three days’ notice to the debtor, counting from that on which the notice is given, if he resides on the spot, adding a day for every twenty miles between the place of his residence and the residence of the judge to whom the petition has been presented.”
The contention of plaintiff is that under this law an additional day is allowed for every 20 miles, or fraction thereof, that the residence of the debtor is distant from that of the judge, and that the residence of the curator ad hoc who represented him was 43 miles from that of the judge.
The first of these contentions is not based upon any decision of this court, and certainly cannot be based upon the text of the above law, which contents itself with allowing one day for every 20 miles, and says not a word of allowing anything for any fraction of 20 miles. An additional day being allowed only for every 20 miles, if there are not two 20 miles the debtor cannot claim two days.
The contention as to there being 43 miles is based upon the fact that that is the distance by rail, and that travel between the two points is mostly by rail. The distance by the free public road, or the road for walking, riding, or driving, is 35 miles. We say, without any hesitation whatever, that the above law has reference to the free public or ordinary road, and not to the railroad. At the time of its adoption there were no railroads. If the law were revised, with a view to computing- the time according to distance by rail, it is more than probable that very much less than one day for every 20 miles would be allowed, — more probably one day for every 100 miles; or, more likely still, the delay would be regulated according to the railway facilities or the schedules.
The first publication of the advertisement of the sale did take place before the expiration of the 3 days allowed by law; but in the case of Luckett v. Crain, 29 La. Ann. 128, it had appeared on the day itself of the notice, and the court held that this had had no invalidating effect, inasmuch as 33 clear days had intervened between the notice and the sale. In the present case, 36 clear days intervened. The notice was on the 27th of August, and the sale was on the ,3d of October. The advertisement was published August 29th, September 5th, 12th, 19th, 26th, and, on the day of the sale, October 3d. The law, we think, was fully complied with.
We find, also, as a fact thát the sheriff took actual possession of the property. The debtor had abandoned the property and left the state. It seems that there was no one living on it. The sheriff states in his return on the writ that he seized it and took possession of it, and served notice of the seizure on the curator ad hoc appointed to represent the absent debtor. The witnesses produced by the plaintiff to show that no seizure was made testify that they knew nothing about *195 the matter of their own knowledge, but that they heard and understood at the time that the sheriff had seized the property — that such was the rumor at the time. True, these witnesses say that during the seizure the property was left to shift for itself, and that apparently no one was in charge of it. But this would go to show at most that the sheriff was delinquent in his duty to take good care of the property. It does not show that the sheriff did not go on the property with his writ, and exercise such supervision and control as would enable him to deliver the property to the purchaser on the day of the sale. If he did this, his possession was sufficient for the purposes of the seizure and sale; and that it was thus sufficient is attested by the fact that the purchaser went into possession by virtue of his purchase without opposition from any quarter, and has continued in possession ever since by himself and his assigns.
The cases cited by plaintiff’s counsel, in which it was held that the possession of the sheriff had been insufficient, were cases where the debtor had not been dispossessed, and-where the sheriff had not put himself in a position to be able to deliver the property on the day of the sale. These cases are Gordon v. Gilfoil, 27 La. Ann. 265; Corse v. Stafford, 24 La. Ann. 262; Whann v. Hufty, 12 La. Ann. 280; Goodrich v. Pattingill, 7 La. Ann. 664; Stockton v. Downey, 6 La. Ann. 584; Page v. Generes, 6 La. Ann. 551; Williams v. Clark, 11 La. Ann. 761.
Under the circumstances of the case it is unnecessary to go elaborately into the question of prescription. We have read carefully the cases cited by plaintiff’s learned counsel. They contain nothing opposed to the application of the prescription of five years to such mere irregularities as the issuance of the writ before the lapise of the three days, or the publication of the. advertisement prematurely, or even the failure of the sheriff to keep property in his constant possession, provided the purchaser went into possession and has retained it undisturbed for the prescriptive period.
On the question of the prematurity of issuance of writ of seizure, see Williams v. Sheriff, 47 La. Ann. 1287, 17 South. 805, and the cases there cited, and particularly Woodward v. Dashiel, 15 La. 184, where Judge Martin is reported as saying that this prematurity involved nothing more serious than a question of costs.
As to informalities of advertisement, see Robinson v. Williams, 45 La. Ann. 485, 12 South. 499, also Riddell v. Ebinger, 6 La. Ann. 407; Fraser v. Zylicz, 29 La. Ann. 537; Valderes v. Bird, 10 Rob. 398; McDougall v. Monlezun, 39 La. Ann. 1005, 3 South. 273. Even a total want of advertisement has been held to be cured. Louaillier v. Castille, 14 La. Ann. 777.
That want of actual seizure is cured, where purchaser has gone into possession, see Munholland v. Scott, 33 La. Ann. 1043; Pike v. Evans, 94 U. S. 6, 24 L. Ed. 40.
Against attacks such as that exhibited in this record, this court has been wont to enforce the prescription with a steady hand.
Judgment affirmed.