156 So. 423

**LOUISIANA WESTERN LUMBER CO., Inc., v. STANFORD et al.**

No. 32579.

July 2, 1934.

Rehearing Denied Aug. 3, 1934.

Robert R. Stone, of Lake Charles, for appellant.

J. Sheldon Toomer, of Lake Charles, for appellee.

ROGERS, Justice.

The Louisiana Western Lumber Company, Inc., obtained a judgment in solido against Gabriel D. Stanford and Aurelia S. Hart in a sum exceeding $2,000, with interest and attorney's fees. In execution of the judgment a certain piece of real estate owned by the defendant Aurelia S. Hart in the city of Lake Charles was seized and sold by the sheriff of the parish of Calcasieu. Plaintiff became the adjudicatee at the sheriff's sale, bidding in the property for the price of $3,-643.98. The property was incumbered by a vendor's lien and special mortgage in favor of the Calcasieu Building & Loan Association, of Lake Charles, which equalled the amount of plaintiff's bid, and plaintiff retained in its possession the entire amount of the purchase price to discharge the vendor's lien and mortgage. Although there was nothing to credit on the writ, the sheriff erroneously returned the writ as fully satisfied. Subsequently, plaintiff caused an alias writ of fieri facias to issue, coupled with garnishment process, under which a claim of $1,-138.12 due by the garnishee to Aurelia S.

Hart was seized. Miss Hart intervened in the proceeding and asked that the writ be quashed and the garnishment based thereon be annulled, on the ground the return of the sheriff on the original writ of fieri facias showed that the judgment in favor of plaintiff had been fully executed and satisfied out of the proceeds of the sale of the property seized thereunder. Plaintiff answered the intervention and alleged the return of the sheriff on the original writ of fieri facias was erroneous, and prayed that the sheriff be made a party to the proceeding to the end that his erroneous return might be amended and corrected in conformity with the facts. On the trial of the intervention, the court below ordered the sheriff to amend and correct his return on the original writ and maintained the garnishment. From this judgment the intervener, Aurelia S. Hart, appealed. On the application of the appellee the case was remanded for the completion of the transcript. See 178 La. 84, 150 So. 839. Subsequently, appellee's motion to dismiss the appeal was denied. See 178 La. 1052, 152 So. 755. The appeal is now before us on its merits.

We find no error in the judgment under review.

No duty rests upon the seizing creditor with respect to the return on a writ of fieri facias. That duty is imposed by law on the sheriff, who is primarily a ministerial officer. Code Prac. arts. 642, 700.

The return of a process is only prima facie evidence between the parties of the facts stated therein and is subject, like all other presumptive evidence, to be rebutted by contrary proof. Grant v. Harris, 16 La. Ann. 323.

An erroneous return on a writ of fieri facias may not only be amended at any time, but it must also be amended when the object of the amendment is to conform to the truth. Aubert v. Buhler, 3 Mart. (N. S.) 489; Elmore v. Bell, 2 Rob. 484; Webb v. Coons, 11 La. Ann. 252.

The question at issue here is covered by the decision in Williams v. Brent, 7 Mart. (N. S.) 205, where it was expressly held the return of the sheriff that a debt is satisfied is not conclusive upon the seizing creditor. In that case the court, in discussing the question, declared that the return made by the sheriff of the judgment being satisfied could not enlarge or diminish the rights of the parties; because he has returned how it was satisfied; and if that which he considered a satisfaction be not in truth a discharge of the judgment, then most certainly his conclusions could not render it so; "for," said the court, "that would be to make him a judicial, not a ministerial officer, and to substitute his opinions for the commands and the wisdom of the law."

If there has been any departure from the rule announced in Williams v. Brent, it has not been drawn to our attention.

Appellant contends that even if the return on the original writ of fieri facias was erroneous and subject to correction, an alias writ could not legally issue until the correction had been made previously in a proceeding taken contradictorily with her as the judgment debtor. Appellant in support of her contention relies on Zacharie v. Winter,

17 La. 80; Brooks v. Hardwick, 5 La. Ann. 675; Johnson v. Puhalovich, 8 Orl. App. 421. We find nothing in these cases that militates against the position assumed by the appellee.

Zacharie v. Winter was a case in which Zacharie purchased Winter's plantation at a sheriff's sale in execution of a judgment against Winter. Subsequently, the title thus acquired was renounced by Zacharie, who re-transferred the plantation to Winter for a new and distinct consideration, namely, the sum of $2,600, which was secured by mortgage on the same property, and the renewal of the former debt. The terms of the debt for which the judgment had been rendered were extended for definite periods, until the expiration of which it was agreed no execution should issue. When the first installment fell due a fieri facias was issued upon the original judgment, and the plantation was again seized and adjudicated to Zacharie. The purchaser procured a monition from the district court calling upon all persons to show cause why the sheriff's sale should not be homologated. Winter appeared in the proceeding and filed an opposition to the sale, on various grounds.

The court found several irregularities in the proceeding leading up to the second sale, but it annulled the sale primarily on the ground that it was not made at the parish seat. In passing upon opponent's contention that the judgment was satisfied by the first adjudication, the court remarked that that adjudication vested title in Zacharie and amounted to an extinguishment of the judgment pro tanto at least as to third persons. At the conclusion of its discussion of opponent's proposition, the court expressed the opinion that a fieri facias ought not to be issued without some notice to the opponent in the nature of a scire facias, and giving him an opportunity to contest the same. This expression of opinion, however, was clearly based on the peculiar facts of the case under review.

An examination of the opinion in Brooks v. Hardwick, discloses that the three defendants claimed as purchasers of a large tract of land under three sales. Two of the sales were tax sales and the other was under a fieri facias. Plaintiff sued to annul the sales, alleging that the tax sales were illegal and that the fieri facias was fraudulent and illegal and insufficient to support a sale.

The defendants relied apparently on the tax sales, and not on the sale under the fieri facias, to maintain their title to the land in dispute. The court annulled the tax sales, finding no equity in the defense set up to maintain their validity. After remarking that the defendants did not appear to place much reliance on the sale under the fieri facias, the court said: "Without noticing the other objections raised to its validity, it is sufficient to say that the fieri facias issued for costs after a previous writ had been returned satisfied. If by mistake a portion of the costs had been omitted, there should have been some proceeding contradictorily with the judgment debtor, or at least judicial action to ascertain the costs and order their collection."

The decisions in Zacharie v. Winter and Brooks v. Hardwick are not decisive of this case. In neither of the cited cases was the right to correct an erroneous sheriff's return directly involved.

Johnson v. Pubalovich was a proceeding by rule to compel the surety on a forthcoming bond to produce the property or pay the judgment. No written answer to the rule was filed, and no complaint was made of the falsity of the sheriff's return until after the return had been offered and received in evidence without objection. The Court of Appeal properly held that the complaint was made too late. All that the case is authority for is that it is too late to attack a sheriff's return after it has been received in evidence without objection.

The appellant also refers to the text in 23 Corpus Juris, at page 825, and 10 Ruling Case Law, at pages 1372, 1373, to the effect that after a satisfaction of judgment is entered no execution can be issued until the levy, sale, and entry of satisfaction is set aside and an execution is awarded by the court. Hughes v. Streeter, 24 Ill. 647, 76 Am. Dec. 777, is the only case cited in support of the authors' statements. An examination of that case discloses that the property of the debtor was sold for a sufficient amount to cover the judgment and costs. The creditor purchased the property, and a satisfaction of the judgment was entered. Subsequently, it was discovered the description of the land sold was such that it could not be located, and the creditor procured from the clerk another execution, which the debtor moved to quash. The creditor then moved to set aside the levy, sale, and satisfaction formerly made and entered. The trial court overruled the motion of the debtor and granted the motion of the creditor. On appeal the judgment was reversed; the appellate court holding that when the plaintiff sold the property in satisfaction of his judgment it ceased to exist, and the effect of vacating the entry of satisfaction was to revive and give new vitality to the judgment. The court declared that was a judicial function to be exercised by the court and not a ministerial act to be performed by the clerk; and the relief sought by the judgment creditor was denied on the ground that the proceeding was not sanctioned by the common law and was unauthorized by statute.

There is no analogy between this case and the case of Hughes v. Streeter. In the case before us no attack is made on the original seizure and sale of the property. The only relief sought here is to have the erroneous return of the sheriff amended so as to make it conform to the truth.

Aside from that, the execution of judgments in this state is not governed by the common law, but is regulated purely by statute. Code Prac. art. 617 et seq. Thus the party who desires the execution of a moneyed judgment in his favor must apply to the clerk and obtain from him a writ of fieri facias against the property of his debtor. Code Prac. art. 641. This writ is directed to the sheriff, Code Prac. art. 642, who must execute it without delay, Code Prac. art. 643. Other articles of the Code of Practice prescribed the manner in which the execution must be effected.

There is, however, a close analogy between the case of Frankfort Bank v. Markley, 1 Dana (Ky.) 373, and the instant case. In Frankfort Bank v. Markley, where an agent of the plaintiff had through mistake entered a credit on an execution, an alias writ is-

sued by the clerk for the full amount of the judgment, without an order of court vacating the satisfaction, was held to be valid. The question arose on the debtor's motion to quash the new execution. In disposing of the question the court said:

"We do not understand, that a receipt endorsed upon an execution, by an agent, so necessarily precludes the plaintiff from taking out another execution, as that he will have to cause the receipt to be erased by order of court, before he can legally obtain another. It no doubt will be much the most prudent for clerks to refuse a new execution, under such circumstances, without an order of court. But if a second execution does go, and it turns out that the plaintiff was entitled to it, we do not think the issuing of it should be treated as irregular, and subject the proceedings under it to be quashed."

The purely ministerial acts of the sheriff are in nowise under the control or direction of the judgment creditor, and he cannot be prejudiced by the manner in which the sheriff performs those acts. The appellee received nothing from the sale of appellant's property under the first execution, and he is entitled to collect his judgment in full irrespective of the sheriff's erroneous return. Both debtor and creditor knew that appellee's judgment was not satisfied by the original seizure and sale, and the mistake of the sheriff in making his return could not deprive them of their knowledge.

It might be the better practice that the erroneous return on a writ of fieri facias be corrected before another writ is issued, but where a new writ is issued and it is established contradictorily with the debtor that the creditor is entitled to it, we see no reason for treating the issuing of the writ as so irregular as to require that it be quashed merely on the debtor's demand.

In Aubert v. Buhler, 3 Mart. (N. S.) 489, the Supreme Court approved the action of the district court in permitting the sheriff to amend his defective return after a contest had arisen in which the regularity of his proceeding was involved. In discussing the question the Supreme Court said: "If the amendment was in conformity to the truth of the case, it would have been a great hardship on the plaintiff in execution, to have made him suffer from the mistake of the officer."

On the trial of the debtor's intervention it was shown conclusively that the sheriff's return was erroneous and that the creditor's judgment had not been satisfied as a result of the sale of his debtor's property under the original writ of fieri facias.

For the reasons assigned, the judgment appealed from is affirmed.