ODOM, Justice.
 

 The facts pertinent to the issues involved in this case are that on September 15, 1926, H. C. Turner executed his promissory note for $2200, payable to Alberta Glass on October 1, 1927, and, to secure said note, mortgaged certain real estate situated in the Parish of Webster, the mortgage importing a confession of judgment. At the time the note and the mortgage were executed, H. C. Turner was married to Mrs. Mollie B. Turner, and they were living together under the community regime. The debt for which the note was given was a community debt, and the property mortgaged was community property. The wife, Mrs. Mollie B. Turner, signed the note with her husband and also signed the act of mortgage to waive the homestead.
 

 H. C. Turner died on September .19,
 
 1930.
 
 He was survived by his wife, Mrs. Mollie B. Turner, and by several children who inherited his community interest in the mortgaged property.
 

 On '"June 6, 1932, Alberta Glass brought foreclosure proceedings via executiva against Mrs. Mollie B. Turner, the surviving spouse of H. C. Turner, in accordance with the provisions of Act No. 57, page 70, of 1926. On the same day the judge ordered executory process to issue. Two.
 
 *481
 
 days later Mrs. Turner made the following endorsement at the foot of the petition:
 

 “I acknowledge service of petition and notice of demand to pay and waive service of notice of seizure and all legal delays, this the 8th day of June, 1932.
 

 “Witnesses; Mrs. Mollie B. Turner
 

 “R. D. Watkins
 

 “D. T. Fields.”
 

 On the following day, June 9, the clerk of court issued a writ of seizure and sale ■addressed to the sheriff of Webster Parish, commanding him to seize and to sell, according to law, the mortgaged property,. The sheriff’s return endorsed on the writ recites that he received the writ on June 9, 1932, and on the same day he executed the same by seizing and taking into his possession the property described therein. His .return further shows that “notice of seizure and legal delays were waived by the defendant as shown by reference to the original papers in the case on file in the Clerk of Courts office”. The return further shows that the sheriff immediately advertised the property for sale in a weekly newspaper published at Minden, Webster Parish, Louisiana, the sale to take place on July 16, 1932, and also that the sale took place on that day and that the seizing creditor, Alberta Glass, was the purchaser.
 

 There is in the record a formal deed executed by the sheriff, conveying the property to the purchaser, Alberta Glass.
 

 The present suit was filed on April 27, 1936, by the widow, Mrs. Mollie B. Turner, individually and as natural tutrix of the minor Archie B. Turner, and by major heirs of the deceased H. C. Turner, the purpose of the suit being to set aside the executory proceedings above mentioned and the sale of the property to Alberta Glass. Petitioners allege'that they own the said property, but that, pursuant to a writ of seizure and sale, the sheriff of Webster Parish proceeded on June 9, 1932, to advertise it for sale, and that on July 16, 1932, he sold the same to Alberta Glass, as per deed recorded in the conveyance records of Webster Parish, “a certified copy of said writ of seizure and sale and the returns thereon, and a certified copy of said Sheriff’s deed being annexed hereto and made a part hereof for the purpose of showing ‘rem Ipsam’ and forming the basis of this attack.”
 

 It is alleged that the said Alberta Glass was claiming to be the owner of the said property by virtue of said sheriff’s deed and has evicted the petitioners from the property and has taken possession thereof.
 

 It is especially alleged that the proceedings under which the property was sold, and the adjudication thereof to the purchaser “are null, void and of no force and effect”.
 

 The grounds on which plaintiffs attack the sale of this property to the defendant, in sum, are that Mrs. Mollie B. Turner, the widow of H. C. Turner, was the only party defendant in the executory proceedings; that in said executory proceedings the said Mrs. Turner “attempted to accept service of said petitioner and waive issuance of notice of demand to pay”, etc.; that the attempted waivers, etc., were illegal, null,
 
 *483
 
 void and without authority of law; that said proceedings were not in conformity with Act No. 57 of 1926; that no copy of petition was served on plaintiffs, that no notice of demand for payment of said mortgage was served, that there was no seizure of said'property, no notice of seizure served, and that there were no delays between the filing of the petition and the advertisement of the property.
 

 The defendant filed a plea of estoppel as to Mrs. Mollie B. Turner, alleging:
 

 “That the Plaintiff, Mrs. Mollie B. Turner, .is estopped to now claim any interest in said described property for the reason that in the foreclosure suit styled Alberta Glass VS Mrs. Mollie B. Turner No. 8278 on the Docket of this Court, wherein your petitioner acquired the said described property in contest herein that she as surviving spouse and widow in community of the late H. C. Turner accepted service of the petition, waived issuance of notice of demand to pay, waived service of notice of seizure and all legal delays and certainly as to the un-divided one-half community interest owned by her at that time she is estopped to claim.”
 

 The minutes show that the “Plea of estoppel (was) called and tried and submitted on briefs to be filed”. There was judgment decreeing “that the said plea of estoppel as to Mrs. Mollie B. Turner be sustained and accordingly this suit as to this plaintiff, Mrs. Mollie B. Turner, is dismissed at her cost”. From this judgment Mrs. Mollie B. Turner appealed.
 

 Act No. 57, page 70, of 1926, provides that, in all proceedings in which executory process “via executiva” is resorted to for the enforcement of a note or notes representing a debt of the community and secured by mortgage importing a confession of judgment on community property, “where either the husband or wife was dead at the time of the institution of such proceedings, it shall not be necessary to make the heirs of the deceased spouse parties to said proceedings, but it shall be lawful to make service of all process, citations, notices of demands, and all necessary services to be made in connection therewith upon the surviving spouse in community, and said proceedings shall be carried on against said surviving spouse alone.”
 

 It is too plain for argument that the executory proceedings in this case were instituted in exact conformity with the above act. Prior to the adoption of this act, this court repeatedly and consistently held that a mortgage on real property might be foreclosed in executory proceedings against the surviving husband alone without making the heirs of the deceased wife parties; and in Landry v. Grace et al., 167 La. 1042, 120 So. 770, 772, this court said:
 

 “The obvious purpose of Act No. 57 of 1926 was to make the same rule applicable to those cases in which the wife might be the surviving spouse.”
 

 It was not necessary, therefore, that the heirs of H. C. Turner be made parties to the foreclosure proceedings involved in this case; so that the only remaining question is whether Mrs. Mollie B. Turner, the widow, could legally accept service of petition and notice of demand to
 
 *485
 
 pay and waive service of notice of seizure and all legal delays in so far as she was personally concerned.
 

 The question as to whether she could do so for the heirs of H. C. Turner is not before us, and we express no opinion touching that point. No estoppel was pled against the heirs of H. C. Turner.
 

 No valid reason has been suggested, and we can think of none, why Mrs. Turner could not legally accept service of the petition, waive citation, service and the notice. Those were matters purely personal to her. In, Article 'll of the Revised Civil Code it is provided that, in all cases where it is not expressly or impliedly prohibited, individuals “can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good”.
 

 The articles of the Code of Practice relating to foreclosure proceedings specifically provide that the debtor is entitled to certain notices and that certain delays shall be observed. These rules are prescribed for the benefit of the debtor. If the renunciation of them by the debtor does not affect the rights of others and is not contrary to the public good, such renunciation is legal and binding. In this case, Mrs. Turner renounced these rights, and, in so far as she is personally concerned, her renunciation was legal and binding upon her. She is therefore estopped from attacking the validity of the sale on the ground that the formalities of the law with reference to notices, etc., were not strictly complied with.
 

 It was suggested in oral argument by counsel for Mrs. Turner that she could not legally waive the seizure of the property. As a matter of fact, she did not waive the seizure of the property, and, according to the sheriff’s return and the deed, which are made part of plaintiffs’ petition, the sheriff actually seized the property. All that was said in Mrs. Turner’s waiver is that she waived notice of seizure.
 

 The judgment appealed from is correct and is affirmed at appellants’ costs.