On Rehearing.
 

 FOURNET, Justice.
 

 This is an action by the widow and heirs of the late H. C. Turner to set aside a sheriff’s sale of deceased’s property under foreclosure proceedings to the defendant, Alberta Glass, and to recover possession of the property. The case is before us for reconsideration of our original decree dated January 10, 1939, wherein we affirmed the judgment of the lower court maintaining the defendant’s plea of estoppel in so far as it affected the plaintiff Mrs. Mollie B. Turner. The basis of the action relied upon on rehearing is that the sale was made without a previous seizure of the property by the sheriff.
 

 The plea of estoppel was based on the action of Mrs. Mollie B. Turner, who, in the foreclosure proceedings, signed the following : “I acknowledge service of petition and notice of demand to pay and waive service of notice of seizure and all legal delays * *
 

 
 *487
 
 It is the well settled jurisprudence of this state that a sheriff’s sale made under execution without a previous seizure of the property is a nullity. Watson v. Bondurant, 21 Wall. 123, 22 L.Ed. 509; Offut v. Monquit, 2 La.Ann. 785. See, also, Leverich v. Toby, 6 La.Ann. 462; Monticon v. W. G. Mullen, Exec., 12 La.Ann. 275; Corse v. Stafford, 24 La.Ann. 262; Gordon v. Gilfoil, 27 La.Ann. 265; and Morgan v. Johnson, 27 La.Ann. 539.
 

 In the instant case the plaintiffs annexed the sheriff’s return to their petition for the express purpose of showing rem ipsam and forming the basis of the attack herein, and in the return it is stated that the property was actually seized and taken into possession by the sheriff.
 

 “The return of a process is only prima' facie evidence between the parties of the facts stated therein and is subject; like all other presumptive evidence, to be rebutted by contrary proof.” Louisiana Western Lumber Co., Inc. v. Stanford, 180 La. 376, 156 So. 423, 424. See, also, Watson v. Bondurant, supra; Grant v. Harris, 16 La.Ann. 323, and the cases therein cited.
 

 As stated in our original opinion, “ * * In Article 11 of the Revised Civil Code it is provided that, in all cases where it. is not expressly or impliedly prohibited, individuals ‘can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good.’ ” Pretermitting the effect of a sheriff’s sale where there was jn fact no actual seizure but a waiver thereof on the -part of the debtor, in the instant case it is alleged in plaintiffs’ petition that there was no actual seizure and Mrs. Mollie B. Turner, in executing a waiver of service of notice of seizure, did not thereby waive the sacramental requirement in sales of property by the sheriff under foreclosure that the same be seized and possession thereof taken by him. Consequently, she cannot be estopped from urging that defect.
 

 We therefore conclude that the plea of estoppel was improperly sustained.
 

 For the reasons assigned, the judgment of the lower court maintaining the plea of estoppel and dismissing the suit as to Mrs. Mollie B. Turner is set aside, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed. Costs of this appeal are to be borne by the appellee; all other costs to await the final disposition of this case. Appellee is reserved the right to apply for a rehearing.
 

 HIGGINS, J., absent.