2 So.2d 191

**TURNER et al. v. GLASS et al.**

No. 35659.

April 28, 1941.

John T. Campbell and Dan W. Stewart, Jr., both of Minden, for plaintiffs-appellants.

R. D. Watkins, of Minden, for defendants-appellees.

HIGGINS, Justice.

The widow and heirs of the late H. C. Turner instituted this action to annul the sheriff's sale of real property which belonged to the deceased and upon which the mortgage creditor foreclosed and had the property adjudicated at public sale to Alberta Glass, one of the defendants.

The attack is based upon the following grounds:

(1) That the widow against whom the proceedings were carried on contradictorily had no authority under Act No. 57 of 1926 to accept service of the petition of foreclosure and to waive demand for payment and notice of seizure, and

(2) That there was no valid seizure of the property by the sheriff of Webster Parish and, hence, the judicial sale was invalid.

The trial court maintained the defendants' plea of estoppel and dismissed the suit as to the surviving spouse only. On appeal, this Court reversed the judgment of the district court, overruled the plea of estoppel, and remanded the case to the lower court for further proceedings consistent with the views expressed in its opinion. Turner et al. v. Glass, 192 La. 478, 188 So. 147.

The case was tried on its merits in the district court and there was judgment in favor of the defendants, rejecting the plaintiffs' demand and decreeing the defendants to be the true and lawful owners of the property. The plaintiffs appealed.

In their brief filed in this Court, counsel for the plaintiffs concede that under the

doctrine of Childs et al. v. Pruitt et al., 196 La. 866, 200 So. 282, the widow, as the surviving spouse in community, had the right under Act No. 57 of 1926 to waive the formalities of service of petition and citation, notice of demand and notice of seizure in the executory proceedings carried on contradictorily with her as surviving spouse and, therefore, the first ground of nullity urged is no longer available to the plaintiffs.

The remaining issue in the case is whether or not there was a valid seizure of the property by the sheriff preceding the sale?

■ In Turner et al. v. Glass, supra [192 La. 478, 188 So. 150] this Court, in its opinion on rehearing, stated:

"It is the well settled jurisprudence of this state that a sheriff's sale made under execution without a previous seizure of the property is a nullity. Watson v. Bondurant, 21 Wall. 123, 22 L.Ed. 509; Offut v. Monquit, 2 La.Ann. 785. See, also, Leverich v. Toby, 6 La.Ann. 462; Monticon v. W. G. Mullen, Ex'r, 12 La.Ann. 275; Corse v. Stafford, 24 La.Ann. 262; Gordon v. Gilfoil, 27 La.Ann. 265; and Morgan v. Johnson, 27 La.Ann. 539.

\* \* \* \* \* \*

" 'The return of a process is only prima facie evidence between the parties of the facts stated therein and is subject, like all other presumptive evidence, to be rebutted by contrary proof.' Louisiana Western Lumber Co., Inc., v. Stanford, 180 La. 376, 156 So. 423, 424. See, also, Watson v. Bondurant, supra; Grant v. Harris, 16 La.Ann. 323, and the cases therein cited."

The plaintiffs contend that the evidence was sufficient to show that the sheriff failed to seize and take possession of the property involved and the defendants assert that the district court correctly held that it was not sufficient.

Mrs. Mollie B. Turner, the surviving spouse of H. C. Turner, testified that at the time the property was foreclosed upon in June 1932, she was living near Saline, Bienville Parish, Louisiana; that she knew of the indebtedness due by her husband to Glass and was unable to pay same; and that the sheriff did not serve any writ of seizure on her.

A. C. Turner, one of the heirs and plaintiffs' witness, testified that he lived on the property and also farmed a part of the land and went over it daily; that J. Goodwin occupied the old home place, and also farmed a part of the land; that he did not at any time see A. M. Hough, the sheriff of Webster Parish, go upon the property; that there were no papers served upon him, and that he was not dispossessed of the land until after the property was adjudicated by the sheriff, at public sale, to Alberta Glass.

P. M. Hough, the son of the sheriff and a witness for the plaintiffs, testified that he was employed in his father's office; and that his father was an excellent business man and kept accurate records.

J. N. Davis, deputy sheriff, plaintiffs' witness, testified that he did not go with the sheriff to seize the property in question but that he typed the sheriff's return to the writ of seizure; that the sheriff (A. M. Hough)

died in May 1933; that the return was accurate and showed that the property had been actually seized by the sheriff; that the suit was instituted on June 9, 1932, and the property was seized and advertised for sale the same day; that while there was no rec-. ord of any mileage having been charged in connection with the service of the writ of seizure, it was possible, since the property was located partly in the City of Minden, the parish seat, the charge therefor was not made.

Defendants' witness, J. Goodwin, who lived on the farm as a tenant of Mrs. Turner, testified that the sheriff came on the property and informed him that he was taking it in a foreclosure under the Turner mortgage; that he explained to the sheriff that the property was located on both sides of the road; that the sheriff did not dispossess him; that he paid the rent to Glass, the foreclosing mortgage creditor, who, he understood, in turn, remitted the money to Mrs. Turner; that no keeper had been placed on the property; that the sheriff did not take the keys or lock the place, and that he did not put any sign on the property showing that it had been seized.

The defendants also introduced in evidence the sheriff's return, which certifies that he actually seized and took possession of the property.

There is conflict between the testimony of A. C. Turner and that of J. Goodwin as to whether or not actual seizure had been made. Turner's testimony is negative, because he states that he did not see the sheriff at any time make the seizure or go on the land. On the other hand, Goodwin, the

tenant who occupied the Turner home, testified that the sheriff did go on the land and make the seizure. Goodwin's testimony is corroborated by the sheriff's return and by the testimony of Deputy Sheriff Davis, as well as that of P. M. Hough (the deceased sheriff's son), both of whom were witnesses for the plaintiffs.

 It is our opinion that the evidence amply supports the conclusion of the trial judge that the land was legally seized by the sheriff.

For the reasons assigned, the judgment appealed from is affirmed at appellants' costs.

O'NIELL, C. J., does not take part.